TATE v. BAUGH, Sheriff.

(District Court, W. D. Tennessee. July 6, 1918.)

No. 1786.

1. COURTS ⬅➡344—JURISDICTION—PARTIES.

 A suit against "J. O. B., sheriff of Coahoma county, Miss.," was an action against the individual, and not against the office, so that service obtained while he was out of his own state, where he was not acting as sheriff, would not affect the validity of the service.

2 COURTS ⬅➡272—FEDERAL COURTS—DIVERSITY OF CITIZENSHIP—DISTRICT IN WHICH BROUGHT.

 Where federal jurisdiction is invoked, founded only on the fact that the action is between citizens of different states, and the suit is brought in the district of the plaintiff's residence, objection thereto on the ground that the suit should have been brought in the district of the defendant's residence presents a question of venue, rather than of jurisdiction; and if in such case the requisite diversity of citizenship appears the objection is not well taken. Judicial Code, §§ 24, 51 (Comp. St. 1916, §§ 991(1), 1033).

Action by Gladys W. Tate against J. O. Baugh, Sheriff of Coahoma County, Miss. Defendant files plea to the jurisdiction. Disallowed.

G. T. Fitzhugh, of Memphis, Tenn., and Gerald Fitzgerald, of Morrill, Tex., for plaintiff.

Cutrer & Johnston, of Clarksdale, Miss., and Wright, Miles, Waring & Walker, of Memphis, Tenn., for defendant.

McCALL, District Judge. This is a plea (as stated on its face) to the jurisdiction of this court. For the causes set out in the plea, it is averred that defendant is not amenable to the process served upon him, and prays that said process be quashed and this suit be dismissed. The substance of the plea, in so far as deemed now material, is that defendant is sued in his official capacity as the sheriff of Coahoma county, Miss., for a tort committed in that state by one of his deputies, and that while the defendant was on a visit in Shelby county, Tenn., this action was brought and process was served on him. It is stated in the plea that when process was served the defendant was not acting as sheriff, nor was he in Tennessee as sheriff. It is argued that this must be true, since his jurisdiction as sheriff does not extend beyond the territorial limits of the state of Mississippi, and, when he crossed the line between the two states, he as it were shucked off his official robe and once again became a plain citizen. Hence he insists that service of process on him as sheriff of Coahoma county, Miss., is void, and gave this court no jurisdiction of him as such sheriff, nor of the cause of action.

As has been seen, defendant assumes that he is sued in his official capacity as sheriff. He refers in his plea to the declaration as authority for the assumption. An examination of the declaration discloses that the plaintiff "sues J. O. Baugh, sheriff of Coahoma county, Mississippi." The writ (directed to the marshal) reads: "You are hereby commanded to summon J. O. Baugh (sheriff of Coahoma county, Mississippi)." The return of the marshal, as indorsed on the writ, reads: "I duly executed the same as therein commanded by making the contents known to the within named defendant, J. O. Baugh." At the hearing plaintiff's counsel insisted that the suit was against Baugh as an individual, and in no sense against him as sheriff. So the first question for decision is whether the suit is against the defendant as an individual or in his official capacity as sheriff.

17 Encyc. Pleading & Practice, page 180, states the rule to be that:

"For the purpose of showing that the action is brought against public officers as such, and not against them individually, there should be, in addition to their individual names, a description of their office, preceded by the word 'as,' the omission of which word will require the addition of the descriptive titles to the individual names to be regarded merely as descriptio personæ."

This rule is supported by the decided cases, notably Bennett v. Whitney, 94 N. Y. 303. But if there was any question as to the rule, and the matter were in doubt, certainly when counsel for plaintiff asserts, as he did, that he is suing J. O. Baugh as an individual, and not in his official capacity as sheriff, that should remove any doubt on that question, in the light of the language used in the writ and declaration.

Jurisdiction of this court is further challenged on the ground, as urged, that it is not founded only on the fact that the action is between citizens of different states, and therefore the suit must be brought in the district whereof defendant is an inhabitant. Section 51 of the United States Judicial Code (Act March 3, 1911, c. 231, 36 Stat.

1101 [Comp. St. 1916, § 1033]) is relied on to support this contention. That section provides that:

"No civil suit shall be brought in any district court against any person by any original process or proceeding in any other district than that whereof he is an inhabitant; but where the jurisdiction is founded only on the fact that the action is between citizens of different states, suit shall be brought only in the district of the residence of either the plaintiff or the defendant."

Section 24 of the United States Judicial Code (Comp. St. 1916, § 991 [1]) provides that District Courts have original jurisdiction—

"of all suits of a civil nature, at common law or in equity, * * * where the matter in controversy exceeds, exclusive of interest and cost, the sum or value of three thousand dollars, and * * * is between citizens of different states," etc.

As the court understood counsel for defendant, his position is that, since there were questions arising in the case other than the one of diversity of citizenship, therefore plaintiff was not relying, and could not properly rely, only on the fact of diversity of citizenship in invoking the jurisdiction of this court. Questions other than the citizenship of the parties may, and no doubt will, arise in the progress of the case. Indeed, the question of citizenship itself may become an acute one. But at this stage of the pleadings we may look alone to the declaration to determine if the requisite diversity of citizenship appears.

When section 51 is considered and construed together with section 24, the question raised seems to be one of venue rather than federal jurisdiction. It clearly appears that some federal court can entertain jurisdiction of this case. Indeed, defendant's counsel conceded as much at the hearing, but insisted that that court was the federal court of the Northern district of Mississippi, whereof defendant is an inhabitant. The action being between citizens of different states, it would seem to follow that the only ground for invoking the jurisdiction of this court is that the plaintiff is a resident of this district.

[1, 2] My conclusions are that this is a suit against Baugh as an individual, and the service of the writ is valid; that this court has jurisdiction of the defendant and the subject-matter of the suit and the suit is properly brought in the district whereof plaintiff is a resident. The defendant appears only for the purpose of pleading to the jurisdiction of the court, and hence I express no opinion upon other questions discussed at the hearing relating to Baugh's liability in his individual capacity for a wrong committed by one of his deputies, while acting as such.

An order will be entered, disallowing the plea to the jurisdiction of this court.