## NORTHERN INDIANA PUBLIC SERVICE CO. v. PUBLIC SERVICE COMMISSION OF INDIANA et al.

### No. 478.

District Court, N. D. Indiana, South Bend Division.

Oct. 1, 1932.

Cooke, Sullivan & Ricks, of Chicago, Ill., and McInerny, McInerny & Huguenard, of South Bend, Ind., for plaintiff.

James M. Ogden, Atty. Gen., and George W. Hufsmith, Asst. Atty. Gen., for defendants.

Before SPARKS, Circuit Judge, and BALTZELL and SLICK, District Judges.

SLICK, District Judge.

Plaintiff filed its bill of complaint against the Public Service Commission of Indiana, and five individuals who constitute the Public Service Commission of Indiana, the Attorney General, and the Governor of the state of Indiana, alleging the fixing of confiscatory rates, and an avowed purpose to put them into effect in contravention of the Constitution and of plaintiff's rights.

The defendants appeared specially, and challenged the jurisdiction of this court to try this cause, and moved to quash the sub-

pœna, and asked the court to deny its jurisdiction.

The bill alleges that one of the defendants, Harry K. Cuthbertson, is a citizen and resident of the South Bend Division of the Northern District of Indiana, and that all of the other defendants are citizens and residents of the Indianapolis Division of the Southern District of Indiana, and that the amount in controversy is in excess of $3,000, exclusive of interest and costs.

The showing is that one of the defendants, Harry K. Cuthbertson, is a member of the Public Service Commission; that he claims the city of Peru in the Northern District of Indiana as his legal domicile and residence; that he voted at Peru at the primary election in May, 1932, and intends to vote in that city at the election to be held in November, 1932, and has no present intention of changing his place of residence; but that, while in attendance upon his official duties as a member of the Public Service Commission, he maintains himself in the city of Indianapolis in the Southern District of Indiana. It is therefore quite clear that the defendant Cuthbertson is a legal resident of the Northern District of Indiana, and maintains himself temporarily, while the Public Service Commission is in session, at Indianapolis.

The Governor and the Attorney General are required, either under the Constitution or the statutes, to have a residence and keep an office at Indianapolis, the state capitol. The act creating the Public Service Commission is silent on this subject, leaving its members free to reside at Indianapolis or any other place in the state. It does not require the commission to have an office or to transact its business at Indianapolis. There is therefore nothing in the act to prevent the commission from sitting, holding hearings, or issuing orders at or from any place or places in the state. Each member could, if he desired, have his residence in a division of the federal court different from the division in which each other member resides, and the commission could have as many headquarters as the commission might desire.

The defendants contend that the members of the Public Service Commission have a civil and an official residence, and that they must be sued at their official residence, since the act sought to be restrained is an official act to be performed at their official residence, and the Attorney General, in his brief, argues that, "unless the Public Service Commission is to be treated as five individuals rather than a legal entity with office at Indianapolis in the State House, the court is without jurisdiction."

If this argument is sound, then the members of the commission as individuals are not necessary or proper parties, and the only party necessary to be sued is the legal entity, the Public Service Commission.

The well-established practice, recognized by many authorities, is that the members of the commission are proper parties. McCardle v. Indianapolis Water Company, 272 U. S. 400, 47 S. Ct. 144, 146, 71 L. Ed. 316. Many other well-considered cases in the Supreme and Circuit Court of Appeals could be cited.

In McCardle v. Indianapolis Water Company, supra, Mr. Justice Butler, in the second paragraph of his able opinion, says: "This suit was brought by the company against the members of the commission." The members of the commission appealed the case to the Supreme Court. The commission as a legal entity was not a party. In other words, some of the defendants in this case have recognized the practice, in other cases, of suing the members individually, a practice approved by many federal courts and.by the Supreme Court.

In Butterworth, Commissioner, v. Hill et al., 114 U. S. 128, 5 S. Ct. 796, 798, 29 L. Ed. 119, the reasoning of the court tends strongly to sustain the theory of the plaintiffs in this case. In that case, suit was brought in the Circuit Court of the United States for the district of Vermont against the Commissioner of Patents. The court very pointedly said: "The bill in this case was filed against the commissioner alone, and it does not appear that he was an inhabitant of the district of Vermont. The patent-office is in the department of the interior (Rev. St. § 475), which is one of the executive departments of the government at the seat of government, in the District of Columbia. Rev. St. § 437. The commissioner of patents is by law located in the patent-office. Rev. St. § 476. His official residence is therefore at Washington, in the District of Columbia."

What would have been the legal conclusion if the defendant had been a resident of the district of Vermont the court does not say, but it is clearly the logic of the argument that this would have given the Vermont court jurisdiction. At least the absence of an allegation or proof that defend-

ant was a resident of the district where the suit was brought was stressed by the Supreme Court as a reason why the suit was not maintainable there. Then the court further points out that by statute the Commissioner of Patents is a resident of the District of Columbia, being located by statute in the Patent Office.

The facts in the case at bar are just the opposite. Here defendant Cuthbertson does reside in the Northern District of Indiana, and the statute creating the commission of which he is a member does not locate him or the commission in the Southern District.

Hammer v. Robertson (D. C.) 291 F. 656, upon which defendants rely, was an action to compel the issue of a patent, and was brought in the Eastern District of New York against the defendant, as Commissioner of Patents. The court held that the facts pleaded were governed by the Butterworth Case, supra, for the reason that the action was one for the purpose of compelling the performance of an official duty against an officer whose residence was fixed by law in the District of Columbia.

These cases are distinguishable from the instant case, in that in the instant case the action is against individuals, a part of whom live in each federal district of Indiana, and who by virtue of the offices they hold are alleged to be unlawfully threatening to perform an act which is in violation of their official duties.

There is a broad distinction between suing a public officer to mandamus or compel official action and suing to restrain a defendant because he is about to do an unlawful thing, injurious to plaintiff, under color of the office he holds. When a public officer does or is about to do an act unlawful and harmful to a citizen, he stands in a court of equity stripped of all benefit flowing from his official capacity, and must answer as an individual person. Tate v. Baugh (D. C.) 252 F. 317.

In the one instance the suit is brought against a defendant as such official; in the other instance the suit is brought against a defendant who is such official. The words following the name of defendant are descriptio personæ. 17 Ency. Pleading & Practice, page 180.

The defendants in this case are not sued as members of the Public Service Commission (if they were, defendants' contention that the commission should be sued as a legal entity would be tenable), but they are sued as individuals who are described as "the persons constituting the Public Service Commission of Indiana," the words "the persons constituting the Public Service Commission of Indiana" being merely "descriptio personæ." Defendants James M. Ogden and Harry G. Leslie are sued as Attorney General and Governor respectively, and, under the statute and the Constitution, these defendants are residents of the Southern District of Indiana.

The members of the commission are proper parties. Being proper parties and one of them residing in this district, this court, under section 52 of the Judicial Code (28 USCA § 113), has jurisdiction. The motion to dismiss for lack of jurisdiction and to quash the issuance and service of the subpœna should be and is denied.