CAPLIS v. HELVERING, Commissioner of Internal Revenue, et al.

No. 6986.

District Court, E. D. New York.

June 28, 1933.

Abraham H. Goodman, of New York City (Percival E. Jackson, of New York City, of counsel), for complainant.

Howard W. Ameli, U. S. Atty., of Brooklyn, N. Y. (Albert D. Smith, Asst. U. S. Atty., and Frederick K. Slanker, Sp. Atty., Bureau of Internal Revenue, both of Brooklyn, N. Y., and George R. Sherriff, Sp. Atty., Bureau of Internal Revenue, of Mamaroneck, N. Y., of counsel), for defendants.

GALSTON, District Judge.

Two motions are presented which will be disposed of in this opinion.

The complainant moves for a preliminary injunction to restrain the defendants from serving upon the plaintiff any process in connection with the investigation of an income tax liability of one John M. Phillips, deceased, and from taking testimony of the complainant with respect to the property or assets of the late John M. Phillips.

The defendants move to dismiss the complaint on the ground that the court is without jurisdiction of the parties or of the subject-matter.

The complainant, as appears from his affidavit in support of the motion for a preliminary injunction, is an attorney. He was served on June 2, 1933, with a summons issued by the defendant Corwin, as collector of internal revenue for the first district of New York, to appear before the said collector on June 7, 1933, to testify in a matter arising under the internal revenue laws, depending before him, the said collector, concerning the income tax liability of John M. Phillips. This summons was issued pursuant to section 3165 of the Revised Statutes, as amended, and section 3173 (26 USCA §§ 58, 94).

This attorney for a number of years had been the attorney for the late John M. Phillips. As appears from the complaint, the complainant refused to be sworn and refused to answer questions; and it is alleged that the defendants, through their subordinates, threatened to institute proceedings to have the complainant fined and imprisoned for his failure and refusals to testify, and that they did obtain ex parte, and without notice to the complainant, an order requiring the complainant to appear and give testimony in the aforesaid tax proceeding.

The ground of the relief sought is asserted to be that the summons and the subsequent proceedings instituted were without legal effect and were without the authority of the defendants acting in their official capacity, and that the proceedings were had in violation of the statutes of the United States and the rights given this complainant under the Constitution. Phillips died on July 30, 1928. It is alleged that prior to his death a complete investigation was had by the internal revenue authorities concerning his internal revenue tax liability, and that, as a result of such investigation, taxes and penalties were assessed in an aggregate sum in excess of $1,300,000; and that the statute of limitations has run and the internal revenue authorities are barred from conducting any further investigation respecting any income tax liability of the said John R. Phillips and from attempting to assess any further tax or penalties with respect thereto.

It in no way appears that this court has jurisdiction over the person of the defendant Helvering. He has not been served with process, has not consented to accept service of process, and his official residence is in the District of Columbia.

Section 739 of the Revised Statutes as amended, now Judicial Code § 51 (title 28, U. S. C. § 112 [28 USCA § 112]) provides: " * * * Except as provided in sections 113 to 118 of this title, no civil suit shall be brought in any district court against any person by any original process or proceeding in any other district than that whereof he is an inhabitant; but where the jurisdiction is founded only on the fact that the action is between citizens of different States, suit shall be brought only in the district of the residence of either the plaintiff or the defendant."

The question was considered in Butterworth v. Hill, 114 U. S. 128, 5 S. Ct. 796, 29 L. Ed. 119.

■■ It can hardly be asserted that the court cannot take judicial notice of the fact that the official residence of the Commissioner of Internal Revenue is in the District of Columbia; but, if that were not so, it is well settled that jurisdiction of the federal courts must be affirmatively shown by the pleadings. Smith v. McCullough et al., 270 U. S. 456, 46 S. Ct. 338, 70 L. Ed. 682.

For these reasons the court has acquired no jurisdiction over the defendant Helvering; and it follows that the complaint as against him must be dismissed.

Now as to the remaining defendant and the subject-matter of the suit: This action seeks to prevent the examination of one deemed a necessary witness by the collector of internal revenue in a matter relating to the collection of a tax.

Plaintiff's reliance is on Philadelphia Company v. Henry L. Stimson, Secretary of War, 223 U. S. 605, 606, 32 S. Ct. 340, 344, 56 L. Ed. 570. That suit was brought to restrain the Secretary of War from instituting criminal proceedings against a riparian owner. It was held that the plaintiff, whose property rights had been invaded in fixing harbor lines, could maintain an action to restrain the Secretary of War, and that such action was not one against the United States. Mr. Justice Hughes wrote:

"The exemption of the United States from

suit does not protect its officers from personal liability to persons whose rights of property they have wrongfully invaded. * * * And in case of an injury threatened by his illegal action, the officer cannot claim immunity from injunction process. The principle has frequently been applied with respect to state officers seeking to enforce unconstitutional enactments. * * * And it is equally applicable to a Federal officer acting in excess of his authority or under an authority not validly conferred.

"* * * The suit rests upon the charge of abuse of power, and its merits must be determined accordingly; it is not a suit against the United States."

██ Plaintiff, in seeking to apply the doctrine of Philadelphia Company v. Stimson, contends that the collector acted in excess of his powers in issuing the summons in question, in that in this matter he had no power to issue any summons. So far as insistence is had on the statute of limitations as a bar, it may be said that it does not lie in the mouth of plaintiff to assert that the statute of limitations has run against the Phillips estate. Conceivably, such a defense might be asserted by the representatives of that estate in an action brought by the United States government against them. But, be that as it may, the Internal Revenue Law confers adequate powers on the defendants to compel the attendance and examination of the plaintiff. The collector's summons indicates that he acted pursuant to the provisions of Revised Statutes, §§ 3165, as amended, and 3173 (U. S. title 26, §§ 58 and 94 [26 USCA §§ 58, 94]). The former section provides that: "Every collector, deputy collector, internal-revenue agent, and internal-revenue officer assigned to duty under an internal-revenue agent, is authorized to administer oaths and to take evidence touching any part of the administration of the internal revenue laws with which he is charged, or where such oaths and evidence are authorized by law or regulation authorized by law to be taken. * * *"

Now this section makes no reference to the issuance of summonses, and, if it contemplated the compulsion of attendance on the part of witnesses whose evidence was to be taken and to whom oaths were to be administered, standing alone it is defective in that respect. However, it may be read in connection with the Revenue Act of 1928, § 618 (U. S. C. title 26, § 1247 [26 USCA § 1247]). This section gives the Commissioner power to require the attendance of the person rendering the return or of any officer or employee of such person, or the attendance of any other person having knowledge in the premises, and the Commissioner may take his testimony with reference to any matter required by law to be included in such return. See Brownson v. United States (C. C. A.) 32 F.(2d) 844.[1]

██ However, even if sufficient power cannot be spelled from the revenue laws to justify the issuance of the summons and to compel the attendance of the plaintiff as a witness, there is nothing in the premises which calls for this court to exercise its equitable jurisdiction. To justify the court in so doing, it should appear that the plaintiff has not or will not have, in the event of a threatened alleged abuse of power by the collector, an adequate remedy at law. Such a remedy is clearly afforded by the provisions of Revised Statutes, § 3175 (U. S. C. title 26, § 96 [26 USCA § 96]), which requires the judge, before the issuance of a body attachment, to have satisfactory proof that the person summoned has been lawfully summoned. Such is the legal and orderly procedure for conserving the rights of this plaintiff. He is thus given the fullest opportunity and all the relief that he seeks in the equity suit.

Accordingly, the motion for a preliminary injunction is denied; and the motion to dismiss the complaint is granted.

Settle order on notice.

---

[1] As to section 3173 of the Revised Statutes (U. S. C. title 26, § 94 [26 USCA § 94]), I agree with the plaintiff that it gives no power to the collector, in circumstances such as are suggested in this proceeding, to issue such summons as was served. The section relates only to instances in which there has been a failure to file a return.