SPARKS, U. S. Atty., v. MELLWOOD
DAIRY et al.
No. 6872.

Circuit Court of Appeals, Sixth Circuit.
Dec. 14, 1934.

Mac Asbill, of Washington, D. C. (Thomas J. Sparks, of Louisville, Ky., A. H. Feller, Harold M. Stephens, Carl McFarland, Jerome N. Frank, and Arthur C. Bachrach, all of Washington, D. C., and Donald B. MacGuineas, of Chicago, Ill., on the brief), for appellant.

F. M. Sackett and Leo T. Wolford, both of Louisville, Ky., for appellees.

Before MOORMAN, HICKS, and SIMONS, Circuit Judges.

MOORMAN, Circuit Judge.

On May 31, 1934, the Acting Secretary of Agriculture, purporting to act under section 8, subd. 3, of the Agricultural Adjustment Act, 7 USCA § 608 (3), issued a general license to all producers and distributors of milk in a defined area, designated the "Louisville Sales Area," including the territory within the corporate limits of the city of Louisville, the territory within the Fort Knox United States Military Reservation in the state of Kentucky, and the territory within the corporate limits of the cities of New Albany and Jeffersonville in the state of Indiana. The appellees are producers and distributors of milk in Kentucky within the licensed area. They neither sought the license nor wish to operate under it. After operating without observing it from the date of its issuance until June 14, 1934, they brought this suit against the appellant, United States Attorney for the Western District of Kentucky, to enjoin him from instituting penal prosecutions against them for failure on their part to comply with its terms and conditions, and from endeavoring to enforce against them the penalties provided therefor in the Agricultural Adjustment Act. The bill alleges that the license is a regulation of the businesses of the appel-

lees, which are solely local and intrastate, that it is not within the power of Congress and it has not attempted in the Agricultural Adjustment Act to regulate these businesses, but that, notwithstanding Congress is without and has not attempted to exercise such power, the Secretary of Agriculture, and those charged with the administration of the Agricultural Adjustment Act, including the appellant, have interpreted section 8, subd. 3 of the act, 7 USCA § 608 (3), as authorizing the issuance of the license, and are insisting that each of the appellees is bound by the terms and conditions thereof. As grounds for the injunction, it is alleged that the district attorney is threatening to prosecute the appellees and unless enjoined will prosecute them and enforce against them the penalties provided in the Agricultural Adjustment Act for failure to comply with the terms and conditions of the license. The prayer is for an injunction restraining the appellant from proceeding against appellees or any of them, by indictment or otherwise, for failure to comply with the terms and provisions of the license, that section 8, subds. 3 and 4, of the Agricultural Adjustment Act, 7 USCA § 608 (3, 4), as construed by the Secretary of Agriculture and those charged with its administration, be declared unconstitutional as violative of the Tenth Amendment to the Constitution of the United States, and that the license attempted to be issued under section 8, subd. 3, of the act, and all the requirements and conditions therein contained, be declared unconstitutional as to the appellees, as violative of their reserved rights under the Tenth Amendment to the Constitution and as taking their property without due process of law in violation of the Fifth Amendment.

Before answer was filed, motion was made for an interlocutory injunction in accordance with the prayer of the bill. The bill as verified by the secretary-treasurer of one of the appellees was offered in evidence in support of the motion. In opposition to it the appellant introduced his own affidavit in which he admitted that he was United States Attorney for the Western District of Kentucky, but stated that he had never at any time made any threats to prosecute the appellees, or any of them, on the matters set forth in the bill, and that he had no intention of prosecuting any of them on any of the matters therein set forth or of enforcing against them, or any of them, any penalty under the Agricultural Adjustment Act. He further stated that he had not been directed by the Attorney General of the United States to institute any pro-

ceedings of any character whatsoever against any of the licensees in the Louisville area for violation of the Louisville license, and had not been requested by the Secretary of Agriculture to enforce the license in any civil proceedings, or to bring any proceedings of any kind whatsoever, civil or criminal, against the appellees or any of them. On the appellees' motion, and without stating any grounds or reasons therefor, the court entered the order appealed from enjoining the appellant, until further orders of the court, from instituting any prosecutions or other proceedings to enforce any of the penalties provided in the Agricultural Adjustment Act against the appellees, or any of them, for conducting their businesses in violation of the license, or for operating without a license, or for failing to conduct their businesses in accordance with the Agricultural Adjustment Act.

The appeal from this order is taken under section 129 of the Judicial Code as amended (28 USCA § 227). It is the established rule that the action of the trial court will not be vacated or reversed on such an appeal unless it clearly appears from the record that the court acted contrarily to some rule of equity or improvidently exercised its discretion. Meccano, Ltd., v. John Wanamaker, 253 U. S. 136, 141, 40 S. Ct. 463, 64 L. Ed. 822; Acme Acetylene A. Co. v. Commercial Acetylene Co., 192 F. 321, 323 (C. C. A. 6); Cumberland Telephone & Tel. Co. v. Memphis, 200 F. 657, 658 (C. C. A. 6); City of Covington v. C., N. & C. Ry. Co., 71 F.(2d) 117, 119 (C. C. A. 6). Although Equity Rule 70½ (28 USCA § 723) does not apply to decisions on applications for interlocutory injunctions (Public Service Commission v. Wis. Tel. Co., 289 U. S. 67, 53 S. Ct. 514, 77 L. Ed. 1036), it is nevertheless essential to the limited review of such decisions permitted to the appellate courts that the trial court state in the record the grounds and reasons for its decision (Virginian Ry. v. United States, 272 U. S. 658, 675, 47 S. Ct. 222, 71 L. Ed. 463; Cleveland, etc., Ry. Co. v. United States, 275 U. S. 404, 414, 48 S. Ct. 189, 72 L. Ed. 338; Baltimore & O. R. Co. v. United States, 279 U. S. 781, 787, 49 S. Ct. 492, 73 L. Ed. 954). The need of this is well illustrated in the case at bar. Lacking it, there is nothing to show whether the court acted upon its view of a determinative question of law, reviewable on appeal, or upon a permissible discretion in relation to a matter of fact or expediency. We cannot speculate as to the grounds on which it acted, but, if we assume that one of them was that the Secretary of Agriculture

was without constitutional and legislative authority to impose the restrictions and requirements of the license upon the appellees, it was none the less essential to the issuance of the injunction that there be a precedent determination of necessity therefor "in order effectually to protect property rights and the rights of persons against injuries otherwise irremediable." Champlin Refining Co. v. Corporation Commission, 286 U. S. 210, 237, 238, 52 S. Ct. 559, 566, 76 L. Ed. 1062, 86 A. L. R. 403; City of Allegan v. Consumers' Power Co., 71 F.(2d) 477, 481 (C. C. A. 6). It is of course true that it is within the power of a court of equity to enjoin the institution of prosecutions under an invalid or inapplicable statute, when the failure to do so would result in irreparable loss or injury. Stafford v. Wallace, 258 U. S. 495, 512, 42 S. Ct. 397, 66 L. Ed. 735, 23 A. L. R. 229; Cline v. Frink Dairy Co., 274 U. S. 445, 452, 47 S. Ct. 681, 71 L. Ed. 1146. There may be cases, too, where the chances of incurring severe or cumulative penalties for disregarding a statute of doubtful validity are hazardous enough to render an irreparable loss imminent. Here it is alleged that prosecutions are threatened, and this, in view of the penalties prescribed in the act, is a sufficient basis for a showing of the right of equitable intervention to prevent such loss. It is not alleged, though, that any prosecutions have been commenced, nor that appellees have been coerced into compliance with the license or have suffered any injury to their businesses or property rights by reason of its issuance. Indeed, so far as appears from the record, the appellees are operating and will continue to operate their businesses as they did before the license was issued. In such situation, and on the assumption indicated, the only reason that there could be for issuing an injunction is that there are threatened prosecutions for failure to comply with the requirements of the license. The appellees relied on the verified allegations of the bill as evidence of such threatened prosecutions, but this evidence was controverted by the affidavit of the appellant, who is alleged to have made the threats. We thus have a case in which, even if there was no constitutional or legislative authority to impose the license upon the appellees, no equity jurisdiction arises until it is determined as a fact that there is imminency of injury from prosecutions. Without a finding in support of that averment of the bill, it is obvious that the injunction should not have issued. There was no such finding by the trial

court, and the evidence in the record before us does not require one. We conclude, therefore, that the injunction was improvidently granted. It is accordingly vacated, and the cause remanded. Inasmuch as it has been stated by the appellant and representatives of the Department of Justice in argument and briefs in this court that the government will not institute any prosecutions against any of the appellees, or seek to impose upon any of them any of the penalties prescribed by the Agricultural Adjustment Act or the Louisville milk license so long as the license remains unrevoked, it is not necessary to continue in effect the temporary injunction pending a further hearing and decision of the cause in the court below.