## ABE RAFELSON CO., Inc., v. TUGWELL, Acting Secretary of Agriculture.

### No. 5526.

Circuit Court of Appeals, Seventh Circuit.

Nov. 8, 1935.

Benjamin Landis and Alvin Landis, both of Chicago, Ill., for appellant.

John Dickinson, Asst. Atty. Gen., Michael L. Igoe, U. S. Atty., and Leo J. Hassenauer, First Asst. U. S. Atty., both of Chicago, Ill., Wendell Berge, Sp. Asst. to the Atty. Gen., and J. Stephen Doyle, Jr., Sp. Atty., of Washington, D. C., for appellee.

Before SPARKS and ALSCHULER, Circuit Judges, and BRIGGLE, District Judge.

BRIGGLE, District Judge.

This is an appeal from a decree of the District Court dismissing a petition for injunction brought by appellant to enjoin R. G. Tugwell, acting Secretary of Agriculture, and his assistants, from prosecuting plaintiff (appellant here) for fines and penalties, or revoking the license of plaintiff, as provided in the Perishable Agricultural Commodities Act 1930, as amended by Act April 13, 1934, 7 USCA §§ 499a–499r. The errors assigned are based upon the order of the court sustaining the defendant's motion to dismiss.

Appellant is an Illinois corporation engaged in the business of commission merchant and comes within the purview of

the Perishable Agricultural Commodities Act, hereinafter in this opinion called the act. It received notice that a complaint had been filed against it under the act, a hearing was held before an examiner of the Department of Agriculture, and a reparation order was entered in the name of the Secretary of Agriculture commanding appellant to make reparation to the party complaining. Appellant took no appeal to the District Court from this reparation order as provided by section 557 of the act but thereafter, on July 16, 1934, it filed a petition for injunction praying that the secretary be enjoined from inflicting penalties or revoking petitioner's license and alleging that the sections of the act providing therefor are unconstitutional. A special appearance was filed on behalf of appellee for the purpose of moving to dismiss the petition for injunction and asserting that the court had no jurisdiction over appellee as he is not an inhabitant of the Northern District of Illinois within the meaning of section 51 of the Judicial Code (28 USCA § 112), that he is not a proper party, and that there is a defect of nonjoinder of a necessary and indispensable party to the action in that the United States is not made a party.

■ To support its contention that the United States District Court for the Northern District of Illinois had jurisdiction over appellee although his legal residence is in the state of New York and his official residence is in the District of Columbia and he was never served with process in the Northern District of Illinois, appellant relies upon the following statutes:

Section 11 of the Perishable Agricultural Commodities Act 1930, 7 USCA § 499k: "For the purposes of this chapter the provisions of all laws relating to the suspending or restraining of the enforcement, operation, or execution, or the setting aside in whole or in part, of the orders of the Interstate Commerce Commission are made applicable to orders of the Secretary under this chapter and to any person subject to the provisions of this chapter."

The law referred to is set out in title 28 USCA § 43, as follows: "The venue of any suit brought to enforce, suspend, or set aside, in whole or in part, any order of the Interstate Commerce Commission shall be in the judicial district wherein is the residence of the party or any of the parties upon whose petition the order was made, except that where the order does not relate to transportation or is not made upon the petition of any party the venue shall be in the district where the matter complained of in the petition before the commission arises, and except that where the order does not relate either to transportation or to a matter so complained of before the commission the matter covered by the order shall be deemed to arise in the district where one of the petitioners in court has either its principal office or its principal operating office."

The order of the secretary in the instant case was that appellant make reparation in the sum of $548.14 with interest on or before a certain date. The order is silent, so far as the petition shows, about fines, penalties, or the revocation of license. The prayer for relief in the petition is that appellee and his subordinates be enjoined from carrying into effect their threat to prosecute petitioner for fines and penalties as provided in the act and from revoking the license of appellant or, if the secretary has already revoked the license, that he be required to restore and revalidate the same. No relief is sought from the terms of the reparation order. It is therefore apparent that this petition invokes the general equity powers of the court to enjoin the making of orders which petitioner says the secretary has threatened to make—not the order actually entered—and is therefore not within the purview of the sections of the statute relied upon by appellants.

■ Moreover, appellant is not entitled to invoke the equity powers of the court to prevent a threatened irreparable injury for the reason that it has not exhausted its legal remedies. On April 13, 1934, and prior to the entry of the reparation order by the secretary, Congress armed the appellant with another remedy. The amendment to the act of that date, 7 USCA § 499g (c) and (d), gives any party adversely affected by a reparation order the right of appeal to, and a de novo trial by, the District Court. It further provides that a failure to satisfy the reparation order or to perfect an appeal shall automatically bring about a suspension of the license. If appel-

lant were confronted with a threatened suspension of its license by reason of an erroneous reparation order, it had an adequate remedy at law by appeal. Pittsburgh & W. V. Ry. Co. v. United States (D. C.) 6 F.(2d) 646; Brady v. Interstate Commerce Commission (D. C.) 43 F.(2d) 847, affirmed Brady v. United States, 283 U. S. 804, 51 S. Ct. 559, 75 L. Ed. 1424.

Appellant challenges the constitutionality of certain sections of the act, but does not challenge the validity of the amendment of April 13th just referred to. Having failed to pursue its remedy provided by this amendment, wherein it could have, in the District Court, raised all proper questions, including the validity of the challenged sections, we will not now consider their constitutionality. Wilshire Oil Co. v. United States, 295 U. S. 100, 55 S. Ct. 673, 79 L. Ed. 1329; White v. Johnson, 282 U. S. 367, 51 S. Ct. 115, 75 L. Ed. 388.

For the reasons assigned, the decree is affirmed.