## JAMESTOWN VENEER & PLYWOOD COR-
## PORATION v. NATIONAL LABOR
## RELATIONS BOARD.

### No. 2029.

District Court, W. D. New York.
Jan. 15, 1936.

Rogerson, Clary & Hewes, of James-town, N. Y., for plaintiff.

G. L. Patterson, of Detroit, Mich., for National Labor Relations Board, United States of America.

KNIGHT, District Judge.

This suit is brought to restrain the National Labor Relations Board, United States of America, its regional directors and agents, from taking, against the plaintiff, certain proceedings purported to be authorized under the provisions of the National Labor Relations Act (29 U.S.C.A. §§ 151–166). The defendant has not answered. It appears specially to move to quash the subpœna on three grounds: (1) That the defendant is a duly authorized and existing board of the United States of America, and an agency thereof, and therefore cannot be sued at law or in equity as a party defendant without an act of Congress authorizing such suit; that no such act of Congress is pleaded in the bill of complaint; that no such act of Congress exists, and in consequence the suit is one against the government not authorized by law; (2) that neither the National Labor Relations Board nor any of the members thereof has been served with the subpœna in equity or any other process of this court; (3) that neither the National Labor Relations Board nor any of the three individual members is or was at the time of the filing of the bill an inhabitant of the Western District of New York.

It is plaintiff's contention that this suit is not against the United States; that defendant is a body corporate with capacity to be sued; that it is subject to process in this district irrespective of the residence of individual members of the board; and that service upon the regional director of the board within the District is sufficient to confer jurisdiction.

The National Labor Relations Act was approved July 5, 1935. The board consists of three members appointed by the President, by and with the approval of the Senate. Section 3(a) (29 U.S.C.A. § 153(a). The act provides that the principal place of business of the board shall be in the District of Columbia. Section 5 (29 U.S.C.A. § 155). Each member is an inhabitant of the District of Columbia. The board is authorized to "prosecute any inquiry necessary to its functions in any part of the Unit-

ed States" by one or more of its members or through any agent or representative authorized by it (section 5 [29 U.S.C.A. § 155]). No decision upon any provision of the act can be made by a member of the board or its representative. It must be made in the first instance by the Board.

Service of process herein was made upon the regional director appointed for the Third Region by the National Labor Relations Board. It was not made upon any member of such board. This suit is brought against the board and not against any individual members of the board. The board is an administrative governmental agency. Suit will not lie against the government unless express authority therefor is given by statute. This exemption, however, does not protect officers of the government from "personal liability to persons whose rights of property they have wrongfully invaded." Philadelphia Co. v. Stimson, Secretary of War, 223 U.S. 605, 32 S.Ct. 340, 344, 56 L. Ed. 570. A court of equity has power to restrain such invasion.

Jurisdiction of the party must be obtained by service within the District in which suit is brought. With certain exceptions not pertinent here, "no civil suit shall be brought in any district court against any person by any original process or proceeding in any other district than that whereof he is an inhabitant." Judicial Code, § 51, as amended, 28 U.S.C. 112 (28 U.S.C.A. § 112). There was no service on the defendant. Butterworth, Commissioner, v. Hill, 114 U.S. 128, 5 S.Ct. 796, 29 L.Ed. 119; Hammer v. Robertson, Commissioner (C.C.A.) 6 F.(2d) 460; Barrett Co. et al. v. Ewing, Commissioner of Patents (C.C.A.) 242 F. 506; Railroad Commissioners v. Burleson (D.C.) 255 F. 604; Rafelson Co., Inc., v. Tugwell, Acting Secretary of Agriculture (C.C.A.) 79 F.(2d) 653.

Certain of these cases are distinguishable from the instant one in that they were brought against the Commissioner of Patents, whose authority to act was limited to the District of Columbia. The reasoning in each of these cases is applicable here, since there is no statutory authority to sue the National Labor Relations Board. In Butterworth, Commissioner, v. Hill, 114 U. S. 128, 5 S.Ct. 796, 798, 29 L.Ed. 119, suit was filed in the District of Vermont. The commissioner acknowledged service in the District of Columbia. The court denied jurisdiction, saying: "The bill in this case was filed against the commissioner alone, and it does not appear that he was an inhabitant of the district of Vermont. The patent-office is in the department of the interior, * * * which is one of the executive departments of the government at the seat of government, in the District of Columbia. * * * The commissioner of patents is by law located in the patent-office. * * * His official residence is therefore at Washington, in the District of Columbia." In Hammer v. Robertson, Commissioner (C.C.A.) 6 F. (2d) 460, 461, suit was filed in the District Court for the Eastern District of New York. The process was served in the District of Columbia. The motion to dismiss for lack of jurisdiction was granted. The court on appeal said: "The only question is whether the service of process confers jurisdiction; a point on which Butterworth v. Hill, 114 U.S. 128, 5 S.Ct. 796, 29 L.Ed. 119, has never been overruled and is binding on us." In Barrett Co. et al. v. Ewing, Commissioner of Patents (C.C.A.) 242 F. 506, 508, the court said in part: "It may be said of the first suggestion that, inasmuch as the Commissioner's official residence is in the District of Columbia, suits which are brought against him in his official capacity should be commenced in that district by virtue of the provision which requires suits to be brought in the district of which the defendant is an inhabitant." The recent case of Rafelson Co., Inc., v. Tugwell, Acting Secretary of Agriculture (C.C.A.) 79 F.(2d) 653, directly involved the question up for determination here. Suit was brought for an injunction against the acting commissioner and his assistants to prevent the enforcing of provisions of the Perishable Agricultural Commodities Act as amended in 1934 (7 U.S.C.A. §§ 499a–499r). Section 11 of that act (7 U.S.C.A. § 499k) made certain provisions of the Interstate Commerce Act applicable in so far as they related to the suspension and enforcement of the order of the commissioner. Objection to jurisdiction was raised on the ground that the commissioner was not an inhabitant of the District in which suit was brought. The court sustained this objection on the ground that the proceedings in issue did not come within the authority conferred by reason of the provisions in the Interstate Commerce Act. The effect of this holding in that suit was that suit must be brought in the District in which the acting commissioner is an inhabitant unless express authority for procedure elsewhere is given. Under the Perishable Agricultural Commodities Act the Commissioner of Agriculture is given

powers which may be said to be coextensive with those of the National Labor Relations Board. While in the last-mentioned case it does not appear upon whom service was made, the conclusion may be fairly drawn that it was not made upon the acting commissioner within the District.

It is urged that since the Interstate Commerce Commission could be sued as a corporate body within this Judicial District, the National Labor Relations Board is subject to the same jurisdiction. It is true that the commission and the board have comparable powers in various respects, but the statute specifically authorizes suit against the Interstate Commerce Commission and fixes the venue. Title 28, § 41, subd. (27), U.S.C.A. gives jurisdiction to the District Court "of all cases for the enforcement * * * of any order of the Interstate Commerce Commission." Title 28, § 41, subd. (28), U.S.C. (28 U.S.C.A. § 41(28), gives jurisdiction to the District Court "of cases brought to enjoin, set aside, annul * * * any order of the Interstate Commerce Commission." Title 28, § 43, U.S.C.A. fixes the venue of the suit sought to enforce an order of the Interstate Commerce Commission. Sections 44–47, 28 U.S.C.A. provide the procedure in suit brought against the Interstate Commerce Commission. No like authority is found relative to the National Labor Relations Board. There is provision that "all process of any court to which application may be made under this act [chapter] may be served in the judicial district wherein the defendant or other person required to be served resides or may be found." National Labor Relations Act, § 11(5) (29 U.S.C.A. § 161(5). The "process of the court" referred to is such as is specified in section 10(e) or 10(f) (29 U.S.C.A. § 160(e, f). It is to be pointed out that this suit is not one "under the act," but invokes the general equity powers of the court. Rafelson Co. v. Tugwell. supra.

The statute under consideration provides for a hearing, and the entry of an order on the findings of the board and sets forth a procedure whereby a review of such order may be had. By virtue of the provisions of the law the board is a body corporate with legal capacity to be a party plaintiff or defendant in the federal courts, Texas & Pacific R. Co. v. Interstate Commerce Commission, 162 U.S. 197, 16 S.Ct. 666, 40 L.Ed. 940, in so far as the statute gives the right of suit. However, whether the board is a body corporate against which

only the proceedings provided in section 10(f) can be instituted need not be determined here. Jurisdiction has not been obtained by service of process on the Board as such or any member thereof within this District. It is claimed that by virtue of the Conformity Act (28 U.S.C.A. § 724), subdivision 3 of section 229 of the Civil Practice Act of the state of New York authorizes service upon the regional director as an agent of the board. A reading of this section clearly indicates that it does not provide for service of process in this suit. That section relates to service of a summons upon a foreign corporation and provides that in certain contingencies service may be made upon "the cashier, a director or a managing agent of the corporation, within the state." The regional director occupies none of these three positions, nor has the corporate entity any of the officers mentioned.

It is my opinion that the service of the subpœna was insufficient to confer jurisdiction on this court. The motion to quash the subpœna is granted.