## NEW ENGLAND TRANSP. CO. v. MYERS et al.

### No. 4285.

District Court, D. Massachusetts.
March 25, 1936.

808

Arthur W. Blackman, of Boston, Mass., for plaintiff.

Ralph H. Cahouet, Regional Atty., of Boston, Mass., for all defendants.

A. N. Somers, of Washington, D. C., for defendants J. Warren Madden, John M. Carmody, Edwin S. Smith, Ralph H. Cahouet, and Edmund J. Blake.

SWEENEY, District Judge.

On January 29, 1936 an order was issued in the case of the National Labor Relations Board v. Raymond H. Palmer and New England Transportation Company to show cause why a petition filed by the plaintiff in that action for an order to require obedience to a subpœna duces tecum issued by the plaintiff and served on the defendants should not be granted. This order to show cause was returnable on February 3, 1936, at 2 o'clock in the afternoon. On the morning of February 3d, and after service had been made on the defendants, the government filed a dismissal of its cause which was allowed by this court on that morning. The defendants did not appear at 2 o'clock on February 3, 1936, which was the return day of the order to show cause, and did not at any time file an appearance or do anything with regard to the action brought by the National Labor Relations Board.

On February 17th, the New England Transportation Company filed a bill of complaint against the members of the National Labor Relations Board, and joined as defendants Ralph H. Cahouet, described as attorney for the National Labor Relations Board, Edmund J. Blake, described as examiner for the National Labor Relations Board, and A. Howard Myers, individually and as Acting Regional Director of the National Labor Relations Board. Service of the writ was made only upon A. Howard Myers, Ralph H. Cahouet, and Edmund J. Blake, and no service was had upon the members of the National Labor Relations Board. The defendants in this action have filed a special appearance by Ralph H. Cahouet, Regional Attorney for the National Labor Relations Board, denying the jurisdiction of this court over the parties, and appearing only for the purpose of filing a motion to quash the service, set aside the return, and dismiss the bill of complaint. The motion to quash is before me for consideration. No service having been made upon the members of the Board, and it appearing that service cannot be made on them, as they are without the jurisdiction of this court, the bill must be dismissed as to them, unless service on the regional attorney or the examiner for the National Labor Relations Board is sufficient service.

The plaintiff contends that it has sufficient service upon the members of the Board because of the pendency of an action commenced by the National Labor Relations Board on January 29, 1936, in which the plaintiff here took no active part. That action was dismissed before the defendant had entered an appearance, and, so far as the record shows, the defendant in that action has not entered an appearance up to this date. I do not consider this a sufficient basis for this court to hold that the National Labor Relations Board has submitted to the jurisdiction of this court in the present action.

The plaintiff has failed to submit any authority holding that service on the regional attorney, the examiner, or the acting regional director constitutes a valid service as to the members of the Board. This is an equitable action, and the court is in no wise bound by decisions of the Massachusetts courts or other state courts on the question of service. The Conformity Act (28 U.S.C.A. § 724) applies only to law actions, and particularly excepts equitable actions from its rule. It is well settled that the jurisdiction of the federal court must be affirmatively shown by the pleadings. Smith v. McCullough et al., 270 U.S. 456, 46 S.Ct. 338, 70 L.Ed. 682; Caplis v. Helvering et al. (D.C.) 4 F.Supp. 181; Jamestown Veneer & Plywood Corporation v. National Labor Relations Board (D.C.W.D.N.Y., Jan. 17, 1936) 13 F.Supp. 405.

The motion to quash as to the members of the Board is therefore granted.