INTERNATIONAL MOLDERS UNION OF NORTH AMERICA v. NATIONAL LABOR RELATIONS BOARD.

No. 10119.

District Court, E. D. Pennsylvania.

Jan. 9, 1939.

Syme & Simons, of Philadelphia, Pa., for plaintiff.

Geoffrey J. Cunniff, of Philadelphia, Pa., and John J. Babe, of Washington, D. C., for defendant.

KIRKPATRICK, District Judge.

This is a suit in equity, commenced before the effective date of the new Rules of Civil Procedure, 28 U.S.C.A. following section 723c, to compel the Board to vacate an order dismissing the complainant's petition for investigation, and to undertake and proceed with the investigation. The suit is against the Board as an administrative body and not against its members or against any individual. The defendant, specially appearing, has moved to quash the subpoena on the ground of defective service and want of jurisdiction.

Service was made (a) upon the Regional Director of the Fourth Region in Philadelphia, and upon the attorney for the National Labor Relations Board in Philadelphia, by the Marshal in the usual manner, and (b) upon the Board in Washington, "by leaving a copy of the subpoena and bill of complaint with Charles Fahy, General Counsel of the National Labor Relations Board." (So stated in the plaintiff's brief.)

■ It is by this time well settled that service upon a regional director or an attorney for the Board within the district in which the suit is brought (district being other than the District of Columbia) is not sufficient to bring the Board into Court. Jamestown Veneer & Plywood Corp. v. National Labor Relations Board, D.C., 13 F.Supp. 405; Bradley Lumber Co. v. National Labor Relations Board et al., 5 Cir., 84 F.2d 97; New England Transportation Co. v. Myers, D.C., 15 F.Supp. 807. In the first case cited the Board as an entity was the sole defendant. In the last two its members as individuals and certain administrative officers were also defendants, but the suit was dismissed as to the Board for the reason above given.

■■ Even assuming that the service upon the Board in the District of Columbia was regular and valid, which it apparently was not, the suit would have to be dismissed under Sec. 51 of the Judicial Code, T. 28 U.S.C. § 112, 28 U.S.C.A. § 112, which provides that no suit shall be brought in any district other than that in which the defendant is an inhabitant. Judicial notice may be taken of the fact that the National Labor Relations Board is located in Washington, and is an "inhabitant" of the District of Columbia within the meaning of this section. Thus, want of jurisdiction appears upon the face of the bill.

424

The application of the Federal Rules of Civil Procedure to this proceeding is, in my opinion, feasible and would not work injustice. The defendant's motion to quash the subpoena raises the question of want of jurisdiction under Sec. 51 of the Judicial Code, and may be treated as a motion making the defense of lack of jurisdiction over the person under Rule 12 (b) (2).

Judgment for the defendant.