## BUTTERWORTH, Commissioner, *v.* HILL & Others.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF VERMONT.

Argued March 9, 1885.—Decided March 30, 1885.

The provision in § 739 that no suit shall be brought in a Circuit or District Court of the United States against an inhabitant of the United States, by original process, in any other district than that of which he is an inhabit-

ant or in which he may be found at the time of serving the writ, applies to suits in equity under § 4915 Rev. Stat. to procure the issue of letters patent for an invention after rejection of the application therefor.

The official residence of the Commissioner of Patents is at Washington, in the District of Columbia.

A written acceptance by the Commissioner of Patents at Washington of service of a subpœna issued by the Circuit Court of the United States for the District of Vermont, on a bill in equity filed in that court, " to have the same effect as if duly served on me by a proper officer," has no other effect than the regular service by a proper officer would have had, and waives no objection to jurisdiction, and gives no consent to be sued away from his residence or from the seat of government.

A notice by the Commissioner of Patents to counsel that he has accepted service of a subpœna in manner above described, and has received a copy of the bill, and that he shall not appear in defence, notifies him that further proceedings will be taken without consent of the commissioner to the jurisdiction of the court.

Bill in equity originally commenced against Mr. Marble as Commissioner of Patents. Mr. Butterworth, his successor, subsequently appeared below, and brought the cause here on appeal. The cause was argued here on its merits, and on the jurisdictional question on which it turned. The facts as to the latter are stated in the opinion of the court.

*Mr. Solicitor General* [*Mr. Frank T. Brown* also filed a brief] for appellant.

*Mr. William Edgar Simonds* for appellees.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

This is an appeal from a decree on a bill in equity filed in the Circuit Court of the United States for the District of Vermont against the Commissioner of Patents, under § 4915 Rev. Stat. That section is as follows:

" SEC. 4915. Whenever a patent on application is refused, either by the Commissioner of Patents or by the Supreme Court of the District of Columbia upon appeal from the Commissioner, the applicant may have remedy by bill in equity; and the court having cognizance thereof, on notice to adverse parties and other due proceedings had, may adjudge that such

applicant is entitled, according to law, to receive a patent for his invention as specified in his claim, or for any part thereof, as the facts in the case may appear. And such adjudication, if it be in favor of the right of the applicant, shall authorize the Commissioner to issue such patent on the applicant filing in the Patent Office a copy of the adjudication, and otherwise complying with the requirements of law. In all cases where there is no opposing party, a copy of the bill shall be served on the Commissioner; and all the expenses of the proceeding shall be paid by the applicant, whether the final decision is in his favor or not."

On the filing of the bill, a subpœna was issued commanding the "Commissioner of Patents of the United States of America" to appear before the court in Vermont and answer. On the 18th of October, 1883, the Commissioner made the following indorsement on the writ:

"WASHINGTON, D. C., *October 18th*, 1883.

I hereby accept service of the within subpœna, to have the same effect as if duly served on me by a proper officer, and I do hereby acknowledge the receipt of a copy thereof.

"E. M. MARBLE,
"*Com'r. of Patents.*

(Office of Commissioner of Patents. Received Oct. 18, 1883.)"

And afterwards, and on said 23d day of October, A. D. 1883, a letter from the Commissioner of Patents was filed, which said letter is in the words and figures following:

"DEPARTMENT OF THE INTERIOR,
UNITED STATES PATENT OFFICE,
WASHINGTON, D. C., *October* 18, 1883.

"SIR: I am in receipt of your letter of the 16th instant, enclosing copy of a bill of complaint entitled Hill & Prentice et al. *v*. The Commissioner of Patents of the United States of America, in the United States Circuit Court for the District of Vermont, praying that said court direct the Commissioner of Patents to issue a patent to the assignees of Hill & Prentice

for the invention disclosed and claimed in their application filed in this office March 30, 1880, for an improvement in milk coolers; also a subpœna to appear and answer to said bill on the 5th proximo and a certified copy of said subpœna. I herewith return the subpœna, service accepted, and have to inform you that I shall not appear in defence in said bill.

"Very Respectfully,

"E. M. MARBLE, *Commissioner.*

"MR. W. E. SIMONDS, *Hartford, Conn.*"

No other service of process was made on the Commissioner, and he made no other appearance in the cause than such as may be implied from his acceptance of service and his letter as above. In due course of proceeding a decree was entered adjudging that "Samuel Hill and Benjamin B. Prentice, as inventors, and the Vermont Machine Company, as assignee of said inventors, are entitled to have issued to them letters patent . . . . as prayed for in the petition and bill of complaint." No one was made defendant to the bill except the Commissioner of Patents; and Hill, Prentice and the Machine Company, the complainants, were all citizens of Vermont. Benjamin Butterworth, the Commissioner of Patents, took this appeal, and the only question presented under it for our consideration is whether the Circuit Court of the District of Vermont had jurisdiction so as to bind the Commissioner by the decree which was rendered.

It is contended that the Supreme Court of the District of Columbia has exclusive jurisdiction of suits against the Commissioner brought under this section of the Revised Statutes. In the view we take of this case, however, that question need not be decided. By § 739 Rev. Stat., as well as by the act of March 3, 1875, ch. 137, § 1; 18 Stat. 470, it is provided in substance that, with some exceptions which do not apply to this case, "no civil suit shall be brought before either of said courts [the Circuit or District Courts of the United States] against an inhabitant of the United States, by any original process, in any other district than that of which he is an inhabitant, or in which he may be found at the time of serving the writ." We enter-

tain no doubt that this statute applies to suits brought under § 4915. The applicant is to have his remedy under that section by bill in equity, and by the *adjudication* "of the court having cognizance thereof, on notice to adverse parties and other due proceedings had." A bill in equity implies a suit in equity, with process and parties. The prayer for process is one of the component parts of the structure of a bill, and its purpose is to compel the defendant to appear and abide the determination of the court on the subject-matter of the proceeding. Story, Eq. Pl., § 44.

The bill in this case was filed against the Commissioner alone, and it does not appear that he was an inhabitant of the district of Vermont. The Patent Office is in the Department of the Interior, Rev. Stat., § 475, which is one of the Executive Departments of the Government at the seat of government in the District of Columbia. Rev. Stat., § 437. The Commissioner of Patents is by law located in the Patent Office. Rev. Stat., § 476. His official residence is, therefore, at Washington, in the District of Columbia.

The subpœna in this case was delivered to him in the District of Columbia, and his acceptance of service was made there. That is apparent from the face of his indorsement and the letter which was written afterwards, and filed in the cause, undoubtedly as proof of a delivery of a copy of the bill which the law required should be served on him. Both the indorsement and the letter purport to have been written at Washington, and the letter in the Patent Office. Unless, therefore, the acceptance of service as indorsed on the writ is to be treated as a voluntary appearance by the Commissioner in the court in Vermont, without objection to the jurisdiction, the case stands as it would if the process had been actually served on him in the District of Columbia by some competent officer. The Circuit Court was of opinion that, by his acceptance of service the Commissioner waived all objection to the jurisdiction and consented to be sued away from the seat of government and from his residence. In this we think there was error. The fair meaning of the indorsement on the writ is that the Commissioner admits the service with the same effect it would have if

made by an officer in the District of Columbia.  No appearance is thereby entered in the cause.  Service of the subpoena in the District is acknowledged, but nothing more.  In the letter which followed the indorsement of service, both counsel and the court were informed that the Commissioner declined to appear.  The parties proceeded, therefore, at their own risk and without the consent of the defendant to the jurisdiction of the court.  Such being the case, we are of opinion that the court was without jurisdiction and had no authority to enter the decree which has been appealed from.  The act of Congress exempts a defendant from suit in any district of which he is not an inhabitant, or in which he is not found at the time of the service of the writ.  It is an exemption which he may waive, but unless waived he need not answer and will not be bound by anything which may be done against him in his absence.  What is here said of course does not apply to cases where the suit is brought and service is made under §§ 736, 737, and 738 of the Revised Statutes.

Without considering any of the other questions which have been presented in the argument, or which might be suggested under the statute,

*We reverse the decree of the Circuit Court and remand the cause, with instructions to dismiss the bill without prejudice for want of jurisdiction.*