HOLMES ELECTRIC PROTECTIVE CO. *v.* METROPOLITAN BURGLAR ALARM CO.

*(Circuit Court, S. D. New York  July 14, 1887.)*

PATENTS FOR INVENTIONS—INJUNCTION—DISSOLVING.

Where a preliminary injunction, restraining the infringement of a patent, has been allowed to stand for three years, and it is within the power of the parties to bring the cause to final hearing, the court will allow the injunction to remain until such hearing, and will deny a motion to dissolve it, which is made on the ground that the invention of the patent in controversy was described in a prior patent to the same inventor, and that a certain authority was not before the court when the injunction was granted.

In Equity.
*Samuel A. Duncan*, for plaintiff.
*G. G. Frelinghuysen*, for defendant.

WHEELER, J. The preliminary injunction granted herein has stood nearly three years. Motion is now made to dissolve it on the ground that the invention of this patent was described in a prior patent to the same inventor, and on the authority of *Mahn* v. *Harwood*, 112 U. S. 354, 5 Sup. Ct. Rep. 174, which was not before the court when the injunction was granted. The question involved was argued in *Butterworth* v. *Hill*, 114 U. S. 128, 5 Sup. Ct. Rep. 796, and is said not to have been considered, as the case was disposed of on other grounds. Since then the question has been very fully considered, and the authorities, including *Mahn* v. *Harwood*, reviewed in *Eastern Paper-Bag Co.* v. *Standard Paper-Bag Co.*, 30 Fed Rep. 63. The conclusion was there reached that such description in a prior patent does not, of itself alone, invalidate a subsequent patent for the invention so described, applied for in due season. Upon this state of the authorities, and in view of the long time during which the injunction has been in force, and the readiness with which the cause may be brought to final hearing, it is deemed best that the injunction should remain until that time. Motion denied.