## TALLEY v. CURTAIN et al.

(Circuit Court of Appeals, Fourth Circuit. June 13, 1893.)

No. 33.

APPEAL—REVIEWABLE ORDERS—FINAL DECREE.
A decree of a federal court is final, for the purposes of an appeal, when it ends the litigation on the merits so that, if affirmed, nothing would be left to the trial court but to execute it. A decree setting aside an assignment, and ordering a reference to ascertain the amounts and priorities of creditors' claims, is not final, within the rule.

Appeal from the Circuit Court of the United States for the Eastern District of Virginia.

In Equity. Creditors' bill by Curtain & Corner, suing for themselves and others, against Williamson Talley, trustee of Ernest H. Chalkley, to set aside a deed of trust from Chalkley to Talley. A decree was entered setting aside the deed. 46 Fed. Rep. 580. Defendants appealed, and the decree was reversed in part. 4 C. C. A. 177, 54 Fed. Rep. 43. Appellees now move for a rehearing. Denied.

Legh R. Page and James Alston Cabell, for appellants.
Wm. Flegenheimer and A. L. Holladay, for appellees.

Before FULLER, Circuit Justice, GOFF, Circuit Judge, and MORRIS, District Judge.

GOFF, Circuit Judge. In this case the appellees ask for a rehearing. The decree entered by this court, of which a rehearing is desired, was passed during the February term, 1893. Under rule

29, a petition was duly presented, and the matters arising thereon were continued until the present term.

It is claimed that the decree of the court below, rendered August 6, 1891, was a final decree, and that, as no appeal was taken from it within the time prescribed by law, this court is without jurisdiction, and that the appeal should have been dismissed.

This question was fully considered by the court before the decree complained of was entered. We did not consider the decree of August 6, 1891, a final decree. The test of what is a final decree is stated by Chief Justice Waite in Mower v. Fletcher, 114 U. S. 128, 5 Sup. Ct. Rep. 799, in the following words:

"That judgment is final, for the purposes of a writ of error to this court, which terminates the litigation between the parties on the merits of the case, so that, if there should be an affirmance here, the court below would have nothing to do but to execute the judgment it had already rendered."

In this case the decree of August 6, 1891, sets aside the deed of assignment made by Ernest H. Chalkley to Williamson Talley, trustee, as fraudulent and void; but it then proceeds to provide for a reference to ascertain who are creditors of Chalkley, the amounts and respective priorities of their claims, and directs the master to report such other matters germane to the suit that any party to the record might require. Surely that decree did not terminate the litigation between the parties to said suit. There is some apparent conflict in the cases on this subject, and it is frequently a difficult matter to determine when decrees in equity are final, in connection with the law relating to appeals. But in this case the decree of the court below does not dispose of the property described in the deed and in the possession of the court, nor does it determine who the creditors of Chalkley are, nor find the sum due any of them. In fact, among the numerous prayers for relief asked for in the bill, the only one disposed of by the decree is that relating to the fraudulent character of the assignment. Had this court simply affirmed the decree, would there have been anything for the court below to have done, other than carry into effect the provisions of the decree appealed from? Certainly there would; and this disposes of the question as to it being a final decree.

We see no reason for changing the conclusion reached in the opinion heretofore filed in this case. We see no error in the decree filed herein at the February term, 1893. No one of the judges concurring in the judgment entered desires a rehearing, and the motion is denied.

This conclusion is reached by the court as constituted when the decree complained of was rendered, by whom the petition for rehearing was considered. The court, as so constituted, has been consulted, with the result stated. Motion denied.

Chief Justice FULLER and Judge T. J. MORRIS concur in this announcement.