DUTTON v. FIRST NAT. BANK OF WAYCROSS, GA., et al.

(District Court, S. D. Florida.  August 2, 1917.)

1. COURTS ⬤⟿12(1)—JURISDICTION OF FEDERAL COURTS—SUIT IN DISTRICT OF PLAINTIFF'S RESIDENCE.

While Jud. Code (Act March 3, 1911, c. 231, 36 Stat. 1101 [Comp. St. 1916, § 1033]) § 51, permits a suit to be brought in the district of plaintiff's residence where jurisdiction is founded on diversity of citizenship only, the court is without jurisdiction to render a judgment in personam without personal service on defendants within the district.

2. JUDGMENT ⬤⟿460(4)—RELIEF AGAINST IN EQUITY—FRAUD OR MISTAKE.

Allegations of an ancillary bill to enjoin enforcement of a judgment at law on a note *held* insufficient to show that the note was procured through fraud or mutual mistake.

In Equity.  Suit by J. M. Dutton against the First National Bank of Waycross and others.  On motion for preliminary injunction.  Denied.

Davant & Davant, of Brooksville, Fla., for complainant.
Reynolds & Rogers, of Jacksonville, Fla., for defendants.

CALL, District Judge.  The complainant filed his bill against L. J. Cooper, Waycross Savings & Trust Company, and the First National Bank of Waycross, the last two corporations, and each of the defendants residents of Waycross, in the state of Georgia, and alleged that in 1911 the defendant Cooper, in whom the complainant placed trust and confidence, and while president of the two defendant corporations, through an agent approached the complainant and induced him to purchase certain shares of stock in the Waycross Savings & Trust Company, paying therefor $1,100, and giving his note for $4,-400 upon the express understanding and agreement that said note should be renewed from time to time until fully paid, principal and interest, by the dividends accruing on said stock; that this course of

procedure was followed until the principal sum of said note was reduced to $4,000; that said Cooper, as such president of said corporation, so managed their affairs as to bankrupt the Waycross Savings & Trust Company, and enrich the First National Bank of Waycross with all the valuable assets of the first-mentioned company; that among the assets of the first-mentioned company transferred to the bank was the note of complainant with the stock as collateral attached; that in March, 1915, said Cooper met complainant in Jacksonville, Fla., and procured the renewal of said note made payable to the First National Bank of Waycross, the complainant not knowing that the payee had been changed, but supposed it was payable to the Waycross Savings & Trust Company, as had theretofore been the case; that such change of the payee was by the oversight of complainant, and by the procurement of said Cooper with intent to defraud the complainant by depriving him of the defenses he otherwise would have had against the Waycross Savings & Trust Company; that he would not have signed said last-mentioned note had he known of the change in the payee, and upon demand being made upon him refused payment of the same; that thereupon suit was brought against him by the said First National Bank of Waycross upon said note, which resulted in a judgment of this court on the common-law side for the sum of $5,-040.17 against the complainant in favor of the First National Bank of Waycross; that each of said corporation defendants had full knowledge of the representations and agreements entered into at the time of the purchase of said stock, and giving the first promissory note.

The bill also alleges that by some proceeding in the state of Georgia the bank sold said stock for the sum of $90, and purchased the same and now holds it, and gave credit upon the last-mentioned note for said sum.

The bill further alleges that the complainant is the owner of certain real estate and certain personal property, described in an amendment to the bill, situated in the Southern district of Florida, and that said judgment is a lien thereon and clouds complainant's title.

The bill then prays for an accounting between the complainant and the different defendants; that the last-mentioned note be delivered up, the sale of the stock be rescinded, and said stock delivered back to the Waycross Savings & Trust Company; that said last-named company be required to accept the note of complainant for said stock, and carry out the agreement made at the time of giving the first note, and that the bank be restrained from proceeding under or enforcing its judgment against complainant, both temporary and permanent; that said judgment be cancelled as a lien, or cloud.

Upon these allegations a temporary restraining order is asked against the bank; notice having been given the attorney of record for the First National Bank of Waycross.

The first question to be decided is the jurisdiction of this court; the defendants being citizens of Georgia. There seems to me no question of the jurisdiction of the court over the defendant First National Bank of Waycross in so far as exercising injunctional power over the enforcement of the judgment obtained by it in this court. As to

that defendant the bill is ancillary to the suit brought by it against the complainant, and the service of notice of the suit upon its attorney of record seems all that is necessary to bind it. As to the other defendants against whom specific relief is prayed, it is of graver import.

[1] Justice McLean, in Dunn v. Clarke et al., 33 U. S. (8 Pet.) 1, 8 L. Ed. 845, after upholding the jurisdiction of the court over the plaintiff in the common-law suit, says:

"In the present case, several persons are made defendants who were not parties or privies to the suit at law, and no jurisdiction as to them can be exercised, by this or the Circuit Court."

The difficulty in that case was the citizenship of the parties referred to. In the instant case the defendants are nonresidents, and none of them found within this district. Section 51 of the Judicial Code (Comp. St. 1916, § 1033) provides that:

"No civil suit shall be brought in any District Court against any person by any original process or proceeding in any other district than that whereof he is an inhabitant; but where the jurisdiction is founded only on the fact that the action is between citizens of different states, suit shall be brought only in the district of the residence of either the plaintiff or the defendant."

This applies to a suit in equity. Butterworth v. Hill, 114 U. S. 128, 5 Sup. Ct. 796, 29 L. Ed. 119. But does not give jurisdiction to render a judgment in personam without personal service of process in the district. Relief in the nature of a judgment in personam is the only relief sought against Cooper and the Waycross Savings & Trust Company; section 57 (Comp. St. 1916, § 1039) providing for suits to enforce liens upon or remove clouds from real or personal property emphasizes this fact. In such cases judgments affecting the particular property only may be entered, unless the defendants are served with process in the district or voluntarily submit themselves to the jurisdiction of the court.

This proceeding, while ancillary as between the parties to the common-law action, is original as between the complainant and Cooper and the Waycross Savings & Trust Company. The motion to stay the execution of the judgment affects the interest of the First National Bank of Waycross, and as to it the jurisdiction of the court is undoubted. And the question is therefore whether under the sworn allegations of the bill the complainant is entitled to this order against that particular defendant.

[2] Do the facts set up in the bill entitle the complainant to have the judgment vacated by a court of equity, taking those allegations as true?

The facts relied upon by the complainant may be briefly summarized as follows: Cooper, while president of the two corporations, procured the complainant to purchase stock in the Waycross Savings & Trust Company for the consideration of $1,100 in cash, and his promissory note payable in 90 days for $4,400, upon the parol agreement of the parties that the payee, the Waycross Savings & Trust Company, would renew this note on maturity, and the renewals of same from time to time and apply the dividends payable on the stock to

payment of the interest and principal until it was entirely paid, and thereupon the stock which had been issued and hypothecated to secure the note should be delivered to the complainant, and that this agreement had been carried out until March, 1915, when the note sued on was given, the complainant supposing the payee to be the Waycross Savings & Trust Company, as in the case of the former renewals.

It is too well settled to need citation that in the absence of fraud, accident or mistake, the rule is the same in equity as at law, that parol evidence of an oral agreement made at the time of the giving of a promissory note, cannot be permitted to vary, qualify or contradict or add to or subtract from the absolute terms of the written contract. Therefore unless the allegations of fact show either fraud, accident or mistake in procuring of the note, of which the one sued on was the renewal, this Court could not relieve the complainant of the effect of his act. There are no allegations of fact tending to show any fraudulent intent in the inception of the contract. On the other hand the allegations show that the renewals of the note and crediting dividends continued for almost four years, and until the principal of the note was reduced from $4,400 to $4,000. This would negative any fraud practiced upon the complainant in the inception. Had the note sued on been payable to the Waycross Savings & Trust Company as the complainant believed it was, he would have been in no better condition than he is now. He would be confronted by the same barrier. Nor do I think that his allegations that Cooper juggled the assets of the two corporations so that one absorbed all the valuable assets of the other help him to defeat the collection of the note and the judgment entered thereon. If Cooper has by his improper acts caused him damage he must look to Cooper, or Cooper and the bank, for recoupment.

That there was no accident or mistake in the making of the contract seems to me to be too plain to require argument. The only allegations bearing upon mistake is that he supposed the payee was the same, and had he known that the bank was the payee he would have refused to sign it. This, at best, was a mistake by the complainant, and for one to be relieved from his contract the mistake must have been mutual.

There are so many authorities bearing upon these questions that it would be a useless consumption of time to make even a partial list, and, as I understand their import, they are uniform.

The motion for a temporary restraining order will therefore be denied.