## HAMMER v. ROBERTSON, Commissioner of Patents.

## In re HAMMER.

(Circuit Court of Appeals, Second Circuit. February 20, 1925.)

Nos. 202, 203.

**1. Patents �══114—Court cannot render advisory opinion whether there is any remedy under statute.**

The Circuit Court of Appeals, to which appeal has been taken from dismissal, for want of jurisdiction, of suit under Rev. St. § 4915 (Comp. St. § 9460), by unsuccessful applicant for patent against the Commissioner, cannot render an advisory opinion as to whether there is any remedy under such statute for such an applicant with no opponent but the Commissioner.

**2. Patents �══114—Petition to court for issuance of patent, naming no defendant, held not necessary bill in equity.**

Any proceeding under Rev. St. § 4915 (Comp. St. § 9460), to obtain issuance of patent must be by plenary suit in equity, and a petition to court, naming no defendant, is not the necessary bill in equity.

**3. Courts �══270—Service in Washington on Commissioner of Patents held not to give jurisdiction in suit in New York to obtain issuance of patent.**

Defendant Commissioner of Patents, not being a citizen or resident of New York, where suit, under Rev. St. § 4915 (Comp. St. § 9460), was brought to obtain issuance of patent, service of original process on him in Washington, D. C., gave no jurisdiction.

**4. Constitutional law �══70(3)—Appeal ad misericordiam, because of effect of statute, to be made to Congress.**

Appeal ad misericordiam, because of effect of statute, must be made to Congress, which makes statutory law; the court merely applying it.

Appeal from the District Court of the United States for the Eastern District of New York.

Suit by Peter Hammer against Thomas E. Robertson, Commissioner of Patents, with petition in equity by Peter Hammer, to procure issuance of a patent, under Rev. St. § 4915 (Comp. St. § 9460). Motions to dismiss were granted (291 F. 656; 300 F. 246), and defendant appeals. Affirmed.

Hammer, a resident of the district above named, first brought suit against the Commissioner of Patents, alleging that he had applied for a patent in the usual way and been refused by the office, whose decision had been affirmed by the Court of Appeals for the District of Columbia on June 2, 1923. Wherefore he prayed that the court below would decree that said patent be issued by the defendant Commissioner, pursuant to R. S. § 4915 (Comp. St. § 9460). On this bill process issued and was served on the Commissioner in the District of Columbia. Defendant appeared specially and moved to dismiss for lack of jurisdiction. Motion was granted, and from decree accordingly Hammer appealed.

He then filed what he called a "bill of complaint" in the court below, naming no defendant and praying no process, but setting up the same facts and praying the same relief. Of this document he sent a copy by mail to the Commissioner in Washington, D. C., who thereupon again appeared specially and moved to dismiss as before. This motion was also granted, and Hammer again appealed. It is admitted that the Commissioner is not a citizen or resident of New York, or any district thereof, but is a citizen and resident of Maryland, whose official residence is in Washington, D. C.

Wm. E. Warland, of New York City, for appellant.

Ralph C. Greene, U. S. Atty., of Brooklyn, N. Y. (Wm. A. De Groot, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for appellee.

Before ROGERS, HOUGH, and MANTON, Circuit Judges.

PER CURIAM. Hammer, in prosecuting his application for a patent, encountered no opposition from other parties claiming the same asserted invention. There was no interference. His only opposition (so to speak) was from the Examiners; i. e., the Office. His was, in common parlance, an ex parte, not an inter partes, proceeding.

[1] By this appeal he seeks to present a question not without interest, viz.: Is there *any* remedy under R. S. § 4915 (Comp. St. § 9460), for an applicant such as he, who has no successful patentee to sue, and no opponent but the Commissioner himself? On this question we cannot render an advisory opinion, for no such function is granted us. We can only decide whether such a disappointed patentee applicant can bring a *suit* under the statute in his home district, and either compel an official whose private and official residences are elsewhere there to appear, or obtain relief without either service or appearance.

[2] As for the second effort (In re Hammer) it is a sufficient, though summary, holding to point out that the statute (R. S. § 4915) provides only for a "remedy by bill in equity," and this petition to the

court is not and can never be such a bill. That any proceeding under this statute is by plenary suit in equity is settled. Dover v. Greenwood (C. C. A.) 177 F. 946. And there is nothing to the contrary of this holding in Re Greeley, 6 Fisher, 675.

[3] As to the first attempt, that is in form a plenary suit, not unlike Barrett v. Ewing, 242 F. 506, 155 C. C. A. 282, and several others, and the only question is whether the service of process confers jurisdiction; a point on which Butterworth v. Hill, 114 U. S. 128, 5 S. Ct. 796, 29 L. Ed. 119, has never been overruled and is binding on us. Therefore we hold that service on the defendant in Washington, D. C., was unavailing, and the decision below was right.

[4] Appellant urges that this renders R. S. § 4915, a farce, because it throws him back into the courts of the District of Columbia, which have already decided against him, unless Mr. Robertson consents to be served in the district of his home, and he wants *rights,* not favors. Even recourse to the Supreme Court of the United States is by recent legislation denied. Chott v. Ewing, 237 U. S. 197, 35 S. Ct. 571, 59 L. Ed. 913; Baldwin v. Howard, 256 U. S. 35, 41 S. Ct. 405, 65 L. Ed. 816. This is the appeal ad misericordiam, and must be addressed to Congress, which makes statute law, not to us who apply it.

Decree affirmed.