**NESBITT FRUIT PRODUCTS, Inc., v. WALLACE, Secretary of Agriculture, et al.**

No. 4613.

District Court, S. D. Iowa, Central Division.

Sept. 28, 1936.

C. J. Lynch, Jr. (of Donnelly, Lynch, Anderson & Lynch), of Cedar Rapids, Iowa, for plaintiff.

E. G. Moon, U. S. Atty., of Des Moines, Iowa, and C. I. Level, Asst. U. S. Atty., of Denison, Iowa, for defendants.

DEWEY, District Judge.

The above-entitled cause came on for hearing in open court at Des Moines, Iowa, on the 19th day of September, 1936, upon a special appearance on a motion to quash the service and dismiss the bill of complaint filed by the defendant Henry A. Wallace, Secretary of Agriculture of the United States.

The grounds upon which it is urged that the service should be quashed and the bill of complaint dismissed is that the service was had on this defendant at Des Moines, Iowa, while the official residence of the defendant is in the District of Columbia, and that for the purpose of this suit the defendant is an inhabitant of the District of Columbia, and that this cause of action can only be maintained against him at that place.

The parties agree that Henry A. Wallace, Secretary of Agriculture, is a resident of Des Moines, Iowa, and within the Southern District of Iowa, and that he was served with a subpœna issued from

this court on September 3, 1936, at Des Moines, Iowa.

In its resistance to the motion to dismiss, the plaintiff claims: First, that this action was brought against Henry A. Wallace as an individual and as such is properly maintainable within the district of his residence; and, second, that the defendant Henry A. Wallace by his attorneys appeared before this court on the 9th day of September, 1936, and orally requested that the hearing on plaintiff's application for a temporary injunction, then set for September 12, 1936, be continued until September 19, 1936, and that by so appearing the defendant has waived his right, if any he had, to object to the venue.

■ As to this second ground of the resistance, the court is satisfied that the record does not warrant a finding that the defendant Henry A. Wallace by his attorneys appeared before this court and requested a continuance of the hearing.

It is true that on September 9, 1936, in open court, United States Attorney E. G. Moon, one of the defendants in the case, and C. I. Level, one of his assistants, appeared, but at no time did they claim to represent Henry A. Wallace in the case and refused to enter their appearance for him, despite the repeated requests on the part of the attorney for the plaintiff that they enter their appearance for him. On the contrary, the United States Attorney and his assistants said that they did not appear for the defendant Henry A. Wallace but desired to have the case postponed until they could hear from him or his department, and the court upon its own motion continued the hearing on an application for a temporary injunction until the 19th day of September, 1936. Upon this record the court cannot say that the defendant Henry A. Wallace had in any way waived the question of venue by an appearance in this court.

As to the first ground of the resistance, the question of whether a suit growing out of official actions or conduct of the Secretary of Agriculture must be brought at the place of his official residence, or within the district of his actual residence, or at either place, and during his term of office, has never been passed upon by the appellate courts. Both the Supreme Court of the United States in the case of Butterworth v. Hill, 114 U.S. 128, 5 S.Ct. 796, 798, 29 L.Ed. 119, and the Circuit Court of Appeals for the Fourth Circuit in the case of Senitha v. Robertson, 45 F.(2d) 51, where a like question was raised, found it unnecessary to make a decision thereon, as in both of these cases the courts found that there was a personal appearance and a waiver of venue.

Section 112, title 28 U.S.C. (28 U.S. C.A. § 112), definitely limits the bringing of a civil suit against any person in any other district than that whereof he is an inhabitant. In the Butterworth Case, supra, the Supreme Court had this to say:

"The bill in this case was filed against the commissioner alone, and it does not appear that he was an inhabitant of the district of Vermont. The patent-office is in the department of the interior, * * * which is one of the executive departments of the government at the seat of government, in the District of Columbia. * * * The commissioner of patents is by law located in the patent-office. * * * His official residence is therefore at Washington, in the District of Columbia. * * *

"The circuit court was of opinion that by his acceptance of service the commissioner waived all objection to the jurisdiction, and consented to be sued away from the seat of government and from his residence. In this we think there was error."

The Supreme Court of the United States did thereby determine that the official residence of the Commissioner of Patents is in the District of Columbia and implied that he was an inhabitant of the District of Columbia when acting within his official capacity, and that suits growing out of his official actions or conduct must be brought in that district.

The Butterworth Case is based upon a statute providing that there shall be in the Department of Interior (now Commerce) an office known as the Patent Office, and there shall be in the Patent Office a Commissioner of Patents. Sections 1, 2, title 35 U.S.C. (35 U.S.C.A. §§ 1, 2). A very similar statute with reference to the Secretary of Agriculture provides that there shall be at the seat of government a Department of Agriculture, which department shall be an executive department under the supervision and control of the Secretary of Agriculture. Sections 511, 512, title 5 U.S.C. (5 U.S.C.A. §§ 511, 512).

If we are going to recognize an official residence as a proper place of inhabitance to give the federal courts jurisdiction,

there can be no escape from the natural conclusion that in all proceedings brought against the Secretary of Agriculture growing out of the conduct of his office, the same must be brought in the District of Columbia and not in the district in which he has his private residence.

The plaintiff here, however, claims its petition sets out a personal cause of action against the defendant Henry A. Wallace, in that it charges that he acted outside the scope of his authority and thereby makes the place of his personal residence a proper one for bringing the suit.

Upon a close analysis of the bill of complaint, however, it can hardly be said that the bill alleges that the Secretary acted without the general scope of his authority. It is true that when a public officer goes outside the scope of his duty he is not entitled to protection on account of his office, but is liable for his acts like any private individual. But the duties of a public office include those lying squarely within its scope, those essential to the accomplishment of the main purpose for which the office was created, and those which, although only incidental and collateral, serve to promote the accomplishment of the principal purposes. So, although a public officer in performing an act within the general scope of his authority commits an error or even abuses the confidence which the law reposes in him, he is nevertheless still acting virtute officii. 46 C.J. §§ 301, 308, 327.

Two recent decisions by District Judges find that executive officers of the United States Government are subject to suit only at the place of their official residence. Smith v. Farley, as Postmaster General,[1] Southern District of New York, Judge Hulbert, dated April 23, 1936, and three cases against Harry L. Hopkins, Administrator Works Progress Administration,[1] Southern District of New York, by Judge Clancy, dated September 3, 1936.

Having carefully considered the several cases cited by both the plaintiff and defendant in their briefs, I am satisfied that, following the Butterworth decision, the Secretary of Agriculture is an inhabitant of the District of Columbia for all purposes within the general scope of his official acts, and under the limitations of section 112, title 28 U.S.C. (28 U.S.C.A. § 112), suit may not be maintained against him over his objections in any other district. On the other hand, if the acts complained of are outside the general duties of his office, suit then may only be brought against him in the district where he is an inhabitant as a private individual. Finding that the complaints against him in the bill are with reference to acts done in his official capacity, it follows that over his objections the suit may not here be maintained and that the motion to dismiss as to the defendant Henry A. Wallace, Secretary of Agriculture, should be and the same is hereby sustained, and the subpœna quashed and the suit dismissed. Plaintiff excepts.