## KOSER v. BLANKENHORN et al.

No. 1404.

District Court, M. D. Pennsylvania.

Oct. 5, 1944.

Frank R. Hean, of Harrisburg, Pa., for plaintiff.

Frederick V. Follmer, U. S. Atty., and Alphonsus L. Casey, Asst. U. S. Atty., both of Scranton, Pa., for defendant Conway P. Coe, U. S. Commissioner of Patents.

WATSON, District Judge.

This case is before the Court on a motion by the United States Attorney to dismiss the action as to the Defendant Conway P. Coe, United States Commissioner of Patents.

Plaintiff alleged in his complaint that certain trademarks had been assigned by his attorney to the partnership of Koser and Blankenhorn, plaintiff and defendant, respectively. Plaintiff contends that said partnership never existed and prays that the defendant, Blankenhorn, be ordered and directed to assign and transfer to him the aforementioned trademarks. In the last paragraph of the complaint the plaintiff prays that the United States Commissioner of Patents be directed to record the transfer of the trademarks to him.

After a special appearance was filed challenging the jurisdiction of this Court over Conway P. Coe, the United States Commissioner of Patents, a motion was filed to dismiss the action as to him on several grounds, among them the ground of improper venue.

On the ground of improper venue it must be held that the Commissioner of Patents may not be sued in his official capacity elsewhere than the District of Columbia except by his consent. The Judicial Code, Section 51, 28 U.S.C.A. § 112, provides:

"No civil suit shall be brought in any district court against any person by any original process or proceeding in any other district than that whereof he is an inhabitant."

It cannot be denied that the Commissioner of Patents in his official capacity is an inhabitant of Washington, D. C. Benjamin Butterworth, Commissioner of Patents v. Samuel Hill et al., 114 U.S. 128, 5 S.Ct. 796, 29 L.Ed. 119; Canon v. Robertson, D. C., 32 F.2d 295.

This Court has previously held that even though the official is an inhabitant, as a private individual of the district in which the Court is located, the Court does not acquire jurisdiction of the case as against the individual in his official capacity. See Scientific Manufacturing Company et al v. Frank Walker, Postmaster General, et al., D.C., 40 F.Supp. 465.

It is ordered that the motion of Conway P. Coe, United States Commissioner of Patents, be and hereby is granted dismissing the action as against Conway P. Coe, United States Commissioner of Patents.