## TRIBAL COUNCIL OF BLACKFEET INDIAN RESERVATION, MONT., et al.· v. ICKES, Secretary of Department of the Interior, et al.

### No. 452.

District Court, D. Montana.

Dec. 12, 1944.

S. J. Rigney, of Cut Bank, Mont., for plaintiff.

John B. Tansil, U. S. Dist. Atty., of Billings, Mont., and R. Lewis Brown, Asst. U. S. Dist. Atty., of Butte, Mont., for defendants.

PRAY, District Judge.

This is an action, in general terms, in which the plaintiffs seek a judicial determination of their rights under certain statutory provisions, and the rules, orders and regulations therein specified as adopted and promulgated by the Secretary of the Interior of the United States and administered by him and also through his subordinate officers, the Commissioner of Indian Affairs, the Superintendent of the Blackfeet Indian Reservation, in Montana, and the Forest Supervisor of said reservation; and in which plaintiffs complain that the defendants in their official capacity have failed to comply with said statutory provisions, rules, orders and regulations, and have misinterpreted and misapplied them, or some of them, which is alleged to have been in violation of plaintiffs' rights thereunder, and from which they are now seeking equitable relief.

The questions raised at this time are found in two separate motions for dismissal of the action made by defendants McBride and Stephenson, Superintendent and Forester aforesaid, on three separate grounds, which are substantially the same in both motions, will be considered together, and are as follows: (1) That there is a nonjoiner of necessary and indispensable parties defendant; that both Stephenson and McBride are subordinate officers under direction, authority and supervision of the Secretary of the Interior of the United States, and of the Commissioner of Indian Affairs, and that neither of these superior officers has been made a party to this action; and that both are nonresidents of the District of Montana and therefore not within the jurisdiction of this Court. (2) That, as appears from the amended complaint, there is a defect of parties, in that McBride, the Superintendent, and Stephenson, Forest Supervisor, as aforesaid, are employees of the United States and can be interested in said cause of action only in such capacity, and that the United States of America is a necessary party defendant but has not been joined therein. (3) That the plaintiff's amended complaint fails to state a cause of action against defendant McBride, as such Superintendent or against defendant Stephenson, as such Forest Supervisor, upon which relief can be granted.

There seems to be very little difference between the original complaint and the amended complaint, except that Harold L. Ickes, Secretary of the Interior, has been named as a party defendant therein, but it would appear from authorities cited by counsel for defendants and others exam-

ined by the court that this officer can not be brought within the jurisdiction of this court (28 U.S.C.A. § 112), and it further appears that Harold L. Ickes is a Cabinet officer and is being sued in his official capacity as Secretary of the Interior, which would require the bringing of the action in the District of Columbia, the place of his official residence, and consequently he can not be made a party in this jurisdiction.

Butterworth v. Hill, 114 U.S. 128, 5 S.Ct. 796, 29 L.Ed. 119; Ernest v. Fleissner, D.C., 38 F.Supp. 326; Scientific Manufacturing Co. v. Walker, D.C., 40 F.Supp. 465; Jewel Productions v. Morgenthau, 2 Cir., 100 F.2d 390, 391; Hartmann v. Federal Reserve Bank of Philadelphia, D.C., 55 F. Supp. 801; Transcontinental & W. Air v. Farley, 2 Cir., 71 F.2d 288. Another important question which the court must determine is whether the Secretary of the Interior is an indispensable party to this action. Plaintiffs have sued the Superintendent of the Blackfeet Indian Reservation and the Forest Supervisor thereof in their official capacity, and, as defendants contend, such an action can not be instituted against a subordinate officer alone, but only by joining his superior, in this case the Secretary of the Interior and the Commissioner of Indian Affairs. Many cases have been found to sustain this rule, and although some conflict of authority exists the greater weight would appear to require the application of the rule to the pleadings and facts in this case. Neher v. Harwood, 9 Cir., 128 F.2d 846.

The constitutionality of the statutes involved in this action is not an issue. The allegations of the amended complaint concern the acts of the Secretary of the Interior or of his subordinates, the Commissioner of Indian Affairs, the Superintendent and Forest Supervisor, acting under his authority, and pursuant to the statutes, rules, orders and regulations in force at the time. In the Neher case, above cited, Judge Stephens ably distinguishes certain cases apparently holding contrary to the rule here applied. One of the principal cases distinguished is that of Colorado v. Toll, 268 U.S. 228, 45 S.Ct. 505, 506, 69 L.Ed. 927, which, under circumstances similar to the instant case, was held to be not in point for the reason that "in the Toll case, the bill alleged that the regulations that the superintendent of the park was seeking to enforce were beyond the authority conferred by Acts of Congress and interfered with the sovereign rights of the state. * * * In thus stating the rule, the Supreme Court used the word 'authority' as it had been used in the beginning of the opinion; that is, 'beyond the authority conferred by the acts of Congress.'" [128 F.2d 850.]

The following are other cases in which the superior officer is held to be an indispensable party: Wheeler v. Farley, D.C., 7 F.Supp. 433; Redlands Foothill Groves et al. v. Jacobs, D.C., 30 F.Supp. 995; Hawthorne v. Fisher, D.C., 33 F.Supp. 891; Barr v. Rhodes, D.C., 35 F.Supp. 223; Acret v. Harwood, D.C., 41 F.Supp. 492. In the present case the subordinate officers in question did not possess the authority to make, alter or revoke the rules, orders and regulations complained of, as adopted and promulgated by the Secretary of the Interior; they performed their duties as ministerial officers under the direction and control of the Secretary of the Interior, and they had no discretion other than full compliance with his rules, regulations and orders. As held by Judge Yankwich in Acret v. Harwood, et al, D.C., 41 F.Supp. 492, 494, in order to have a judicial review of the manner of exercise of this authority the presence in court of the executive officer, who has the statutory right to make such orders, rules and regulations, is necessary. Complaint was there made of the inconvenience of being required to bring suit in the District of Columbia, and the Judge replied: "For the court to interfere with the carrying into effect of the order of a cabinet officer, made under statutory power, in a district where the officer does not reside would introduce chaos into our governmental system. For, let us imagine a concern, the business of which extends to a large number of localities, scattered all over the United States. We would then have the spectacle of district courts all over the country interfering with the act of a cabinet officer and compelling him to appear in districts other than that which by the Congress is declared to be his official residence, 'at the seat of government,' 5 U.S.C.A. § 361, to defend himself."

Whether the United States of America is a necessary party to this action, as claimed by defendants' counsel, seems doubtful in view of the decisions examined by the court; however, it is not necessary to meet this issue in order to dispose of the two motions aforesaid and the cause now pending in this court.

Wherefore, the court being duly advised and good cause appearing, it is hereby ordered that the complaint and the amended complaint in the above entitled cause be, and they are hereby, dismissed without prejudice to the plaintiffs to commence a similar action against the Secretary of the Interior of the United States in the District of Columbia.