BERLINSKY v. WOODS, Federal Housing Expediter, et al.

No. 5917.

United States Court of Appeals
Fourth Circuit.

Argued Nov. 9, 1949.

Decided Dec. 6, 1949.

Garfield A. Berlinsky, pro se.

Nathan Siegel, Special Litigation Attorney, Office of the Housing Expediter, Washington, D. C. (Ed Dupree, General Counsel; Hugo V. Prucha, Assistant General Counsel, and Louise F. McCarthy, Special Litigation Attorney, Office of the Housing Expediter, Washington, D. C., on the brief), for appellees.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

SOPER, Circuit Judge.

This suit was filed by the tenant of the property No. 857 North Howard Street in Baltimore City against the Housing Expediter, the Area Rent Director of the Baltimore Defense Rental Area, and the Sheriff of Baltimore City. The purpose of the suit was to secure an order from the District Court requiring the Federal Housing authorities to take action to prevent his eviction from the property. He had occupied the property since 1933 as an antique shop and dwelling, under a written month to month lease subject to termination by either party on thirty days' written notice. The lease was not registered under the Rent Control Regulations, since the landlords regarded the property as predominantly business in character.

Under date of April 29, 1947 the tenant received a written notice from the landlords to vacate the premises on or before May 31, 1947, and when he failed to move, an action of eviction was brought against him in the Peoples Court of Baltimore City which resulted in a judgment in his favor. On appeal to the Baltimore City Court this judgment was reversed since the judge was of the opinion that the property was used predominantly for business purposes, and was therefore not subject to the Rent Control Acts. The tenant then appealed to the Court of Appeals of Maryland which dismissed the appeal on the ground that the court had no jurisdiction to entertain an appeal from a judgment of the Baltimore City Court acting in the exercise of its appellate jurisdiction over a judgment of the Peoples Court. Berlinsky v. Eisenberg, Md., 59 A.2d 327.

The pending suit was then brought in the federal District Court. The tenant, complaining that the landlords had not complied with the rent regulations, and that

the Housing Expediter had arbitrarily and unlawfully failed to act in his behalf, prayed the court to order the Housing Expediter to carry out his duty under the federal statutes, and to prohibit the Sheriff of Baltimore City from evicting the tenant from the property. The District Court dismissed the case on motions filed by the Housing Expediter and the Area Rent Director. This action of the court was proper for the following reasons:

 (1) The District Court did not have jurisdiction over the Housing Expediter because his official residence is in Washington, in the District of Columbia, and the attempted service of process upon him in the District of Columbia was ineffective to confer jurisdiction upon the court. Butterworth v. Hill, 114 U.S. 128, 5 S.Ct. 796, 29 L.Ed. 119; Federal Landlords Committee, Inc. v. Woods, D.C., S.D.N.Y., 9 F.R.D. 622.

(2) Since the power to administer the Housing and Rent Control Act of 1947, as amended, was lodged in the Housing Expediter under Sections 204 and 206, 50 U.S.C.A.Appendix, §§ 1894, 1896, and the purpose of the suit is to require him to take action in the exercise of his statutory powers, he is an indispensable party to the suit which cannot go on without him; and the case must therefore also be dismissed as to the Area Rent Director and the Sheriff of Baltimore City. Jacobs v. Office of Housing Expediter, 7 Cir., 176 F.2d 338; Williams v. Fanning, 332 U.S. 490, 493, 68 S.Ct. 188, 92 L.Ed. 95.

(3) The complaint must be dismissed since it does not state a cause of action. It does not merely ask that the Housing Expediter take action in the matter but seeks to control and direct the character of the action which the Housing Expediter should take in a field committed by the statute to his judgment and discretion. In effect, it asks the court to compel the Housing Expediter to classify the property as a dwelling, and to take action to enjoin the eviction of the plaintiff. Section 206(b) of the statute provides that whenever in the judgment of the Housing Expediter any person has engaged or is about to engage in any act which constitutes or will constitute a violation of any provision of the statute, the Expediter may make application to any court of competent jurisdiction for an order enjoining the act or enforcing compliance with the provision; but it is obvious that the power and duty to act in any case is conferred upon the Housing Expediter and that he is not subject to the control of the courts in the exercise of his judgment. This principle has been repeatedly affirmed by the federal courts in similar situations. Riverside Oil Co. v. Hitchcock, 190 U.S. 316, 23 S.Ct. 698, 47 L.Ed. 1074; Louisiana v. McAdoo, 234 U.S. 627, 34 S.Ct. 938, 58 L.Ed. 1506; Wilbur v. United States, 281 U.S. 206, 50 S.Ct. 320, 74 L.Ed. 809; Adams v. Nagle, 303 U.S. 532, 58 S.Ct. 687, 82 L.Ed. 999.

For these reasons, and without intimating that the decision of the State Court was incorrect, the judgment of the District Court is

Affirmed.