**HUNTER v. UNITED STATES et al.**

No. 6075.

United States Court of Appeals
Fourth Circuit.

Argued June 15, 1950.

Decided June 26, 1950.

Carl W. Hunter, pro se.

Thomas A. Uzzell, Jr., U. S. Atty., Asheville, N. C. (Eugene T. Maher, Atty., Department of Justice, Washington, D. C., on the brief), for appellee.

Before SOPER and DOBIE, Circuit Judges, and WYCHE, District Judge.

PER CURIAM.

This is an appeal from the dismissal of an action brought against the United States and the Postmaster General for the reinstatement of the plaintiff as Postmaster at Alexander, North Carolina, and for the recovery of back pay from the time of his alleged wrongful dismissal. It is clear that the District Court was correct in dismissing the action for want of jurisdiction.

Not only does the case fall within the general rule that the United States cannot be sued without its consent, Siskind v. Morgenthau, 80 U.S.App.D.C. 249, 152 F.2d 286; Love v. United States, 8 Cir., 108 F.2d 43, 45, but insofar as it prays for

reinstatement, the relief sought is in the nature of a mandamus which a District Court can only grant as ancillary to the exercise of some independently conferred jurisdiction, United States ex rel. Vassel v. Durning, 2 Cir., 152 F.2d 455; Petrowski v. Nutt, 9 Cir., 161 F.2d 938. Moreover, the prayer for back pay could not be entertained as District Courts are expressly denied jurisdiction of any civil action to recover salaries for official services of officers of the United States. 28 U.S.C.A. § 1346(d) (2); Kennedy v. United States, 5 Cir., 146 F.2d 26; Foshay v. United States, D.C. S.D. N.Y., 54 F.2d 668.

The case was properly dismissed also as to the Postmaster General because his official residence is in Washington and he was not subject to service of process in the Western District of North Carolina. Butterworth v. Hill, 114 U.S. 128, 5 S.Ct. 796, 29 L.Ed. 119; Berlinsky v. Woods, 4 Cir., 178 F.2d 265.

Affirmed.