### SMART v. WOODS, Housing Expediter, et al.

### No. 11157.

United States Court of Appeals, Sixth Circuit.
Oct. 27, 1950.

Lee J. Hereth, Cincinnati, Ohio, Cowell & Fletcher, Lee J. Hereth, Cincinnati, Ohio, on the brief, for appellant.

Walter A. Rochow, Washington, D. C., Ed Dupree, Leon J. Libeu, and Walter A. Rochow, all of Washington, D. C., on the brief, for appellees.

Before HICKS, Chief Judge, ALLEN and MARTIN, Circuit Judges.

PER CURIAM.

This is an appeal by a property owner in Cincinnati, Ohio, from dismissal by the United States District Court for the Southern District of Ohio, Western Division, of her action praying an injunction against enforcement of an order promulgated by Woods, Housing Expediter, denying an appeal from the order of Janney, Area Rent Control Director at Cincinnati, establishing maximum rent for the second floor of her apartment building at 3026 Harvey Avenue, Cincinnati. The district court held the Housing Expediter to be an indispensable party to the action; that he could not be sued in Ohio; and that there had been no service of process sufficient to confer jurisdiction.

Janney, Area Rent Control Director, filed the motion to dismiss sustained by the district court, and filed therewith an affidavit of Woods asseverating that at all times since his appointment as Housing Expediter his official residence has been in Washington, D. C., and that he is not an inhabitant of, and does not have his home in, the State of Ohio. The affiant further stated that he has not been personally served with a petition and summons in this action, and has at no time authorized or appointed anyone agent to accept service in his behalf.

We are in accord with the opinion of the Court of Appeals for the Fourth Circuit in Berlinsky v. Woods, Federal Housing Expediter, 178 F.2d 265, certiorari denied 339 U.S. 949, 70 S.Ct. 805, wherein it was held that the United States District Court in Maryland had no jurisdiction over the Housing Expediter because his residence is in Washington, D. C.; and that the attempted service of process upon him in the District of Columbia was ineffective to confer jurisdiction upon the Maryland federal court. The long recognized principle of Butterworth v. Hill, 114 U.S. 128, 5 S.Ct. 796, 29 L.Ed. 119, was applied.

The applicable statute here is 28 U.S.C.A. § 1391(b), which provides: "A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the judicial district where all defendants reside, except as otherwise provided by law." The present case is even stronger against jurisdiction than was the Berlinsky case, supra, for the reason that no summons was ever served upon the Housing Expediter, nor was any process delivered to or left at his usual place of abode. Compare Federal Landlords Committee, Inc. v. Woods, 9 F.R.D. 622, decided by a three-judge court with Chief Judge Learned Hand presiding.

We regard, as did the Court of Appeals for the Fourth Circuit, the Housing Expediter as an indispensable party in pursuance of the Housing and Rent Act of 1947, as amended, 50 U.S.C.A.Appendix, § 1881 et seq. Nowhere in the Act is any jurisdiction expressed or implied to be vested in any district court, except that for the District of Columbia, where the Housing Expediter is made defendant. The Act empowers him to sue in all districts of the United States, but the converse is not true. This differentiation was within the power of Congress to make,

and the courts of the United States must accept it, as our concern is not with the policy of national laws, but our duty is to construe and apply them when constitutional.

We have taken into full consideration our own opinions wherein we have held certain department heads not to be indispensable parties to an action brought in some other district than the District of Columbia, but we regard all these cases, in which our views are fully set forth, as distinguishable from the situation encountered here. Jarvis v. Shackelton Inhaler Co., 6 Cir., 136 F.2d 116; Varney v. Warehime, 6 Cir., 147 F.2d 238; and Greer v. Cline, 6 Cir., 148 F.2d 380.

We find no merit whatever in the argument of appellant resting upon alleged analogy between service on foreign corporations and service on federal officials. In our view, there is no analogy.

The order of dismissal is affirmed.