## MOUTON v. UNITED STATES et al.
### No. 2736.

United States District Court
W. D. Washington, N. D.
July 26, 1952.

· Russell H. Fluent, Seattle, Wash., for plaintiff Earnest J. Mouton.

J. Charles Dennis, U.S. Atty., Seattle, Wash., John E. Belcher, Asst. U.S. Atty., Seattle, Wash., for defendant United States et al.

BOWEN, Chief Judge.

This is an action to recover plaintiff's accrued and accruing salary and lump sum payment for annual leave in connection with his employment as a machine operator at the Puget Sound Naval Shipyard, Bremerton, Washington, and to obtain the order of this Court setting aside his discharge from

employment at the shipyard and restoring to him his civil service employment status, emoluments, seniority, veteran's preference rights and annual leave.

It is the plaintiff's contention that the shipyard's discharge of the plaintiff from his employment, which was affirmed by the United States Civil Service Commission, violated the Federal Administrative Procedure Act, 5 U.S.C.A. § 1001 et seq. (current Cumulative Supp.), and also plaintiff's rights under the 1st, 5th and 14th Amendments to the Constitution of the United States and other rights.

Defendant United States of America moves to dismiss this action upon the principal grounds that the United States has not consented to be sued in such action and that this Court has no jurisdiction of either the subject matter or parties defendant herein.

By reason of the provision of 28 U.S.C.A. § 1346(d) (2), as amended by act of October 31, 1951, which applies to this action, the defendants are not suable in the District Courts of the United States, including this Court, for recovery of the sums of money alleged in the amended complaint.

The Civil Service Commission and its members, including Harry Mitchell, one of the above named defendants, are not suable in this Court. Blackmar v. Guerre, 342 U.S. 512, 72 S.Ct. 410, 96 L.Ed. ——; 28 U.S.C.A. § 1391(b).

The heads of the Executive Departments of the Government, such as the Postmaster General, Ernest v. Fleissner, D.C., 38 F. Supp. 326, and the Secretaries of the Treasury and of Commerce, U.S. v. Tacoma, etc., S. S. Co., 9 Cir., 86 F.2d 363, at page 368, and the Secretary of Labor, Grandillo v. Perkins, D.C., 36 F.Supp. 546, and the Secretary of the Interior, Tribal Council of Blackfeet Indian Reservation, v. Ickes, D.C., 58 F.Supp. 584, are as a general rule amenable to suit only in the District of Columbia, the District of their official residence. They, except in special circumstances not involved here, are not suable in this Court in the Western District of Washington. See, generally, Butterworth v. Hill, 114 U.S.

128, 5 S.Ct. 796, 29 L.Ed. 119; and 28 U.S.C.A. § 1391(b). Upon the same authorities, and for the same reasons, the above named Secretary of the Navy is not suable in this Court.

As obviously appears from the files and records in this case, no relief herein demanded by plaintiff against defendant Haven, a subaltern of the Navy Department, can appropriately be granted without the presence as parties in this action of the other defendants above named, and since their presence cannot be required, the motion of the defendant United States of America to dismiss will have to be granted. Blackmar v. Guerre, supra; Hartmann v. Federal Reserve Bank, D.C., 55 F.Supp. 801, at page 804 (Syl. 3).

The Federal Administrative Procedure Act, supra, does not in any material way prevent the application of the foregoing principles to this case. Blackmar v. Guerre, 342 U.S. 512, 72 S.Ct. 410, 96 L.Ed. ——.