PANATECH CORP. v. CARL ZEISS, Inc., et al.

United States District Court
S. D. New York.
Feb. 27, 1953.

Rogers, Hoge & Hills, New York City, for plaintiff.

Myles J. Lane, New York City, for defendants.

EDELSTEIN, District Judge.

Plaintiff has brought an action against the Attorney General of the United States, the Collector of Customs for the Port of New York and Carl Zeiss, Inc. for relief based upon the refusal of the Collector to permit the importation by the plaintiff of certain trade-marked merchandise. The Attorney General has moved to dismiss the complaint on the ground that he cannot be sued in the Southern District of New York and that he is an indispensable party to the maintenance of the action. The other defendants join in the motion on the latter ground.

The Attorney General, by virtue of seizures under the Trading With The Enemy Act, 50 U.S.C.App. § 1 et seq., 50 U.S.C.A.Appendix, § 1 et seq., and as successor to the Alien Property Custodian, is the record owner of the registered trade-mark "Zeiss". He is also the owner of all of the stock of Carl Zeiss, Inc., a firm engaged in the business of distributing merchandise so trade-marked in the United States, and he has licensed [1] the mark to the corporation. Plaintiff has attempted to import certain merchandise bearing the "Zeiss" trade-mark and the Collector of Customs at New York, acting under § 526 of the Tariff Act, 19 U.S.C. § 1526, 19 U.S.C.A. § 1526, has refused to permit the importation on the ground that only Carl Zeiss, Inc., had been licensed by the record owner of the trade-mark to import merchandise so marked. The complaint seeks: a declaration that the Attorney General and its licensee have no right, title or interest in the "Zeiss" trade-mark; an order compelling the Commissioner of Patents to cancel the trade-mark registration in the name of the Attorney General; an order cancelling the Attorney General's recordation of the "Zeiss" trade-mark; an injunction restraining the Collector from interfering with the importation of trade-marked merchandise by the plaintiff; and treble damages against Carl Zeiss, Inc., under the Clayton Act.

The plaintiff contends that, since this is the district of its residence, venue may be properly laid here in a suit against the Attorney General cognizable under § 9(a) of the Trading With The Enemy Act. The Attorney General, as successor to the Alien Property Custodian, may be sued under the Act, in the district of the claimant's residence; but § 9(a) also prescribes conditions to the maintenance of such a suit. Assuming that the plaintiff's claim of "interest, right, or title" in the vested property is sufficient to sustain the remedy sought under the statute,[2] it has nevertheless failed to allege that it has filed the notice of claim required by § 9(a).[3] The ab-

1. Neither the license nor any details concerning its terms and provisions is in the record.
2. Plaintiff apparently claims only the right of any United States citizen in the mark.

Cf., Com. of Massachusetts v. Mellon, 262 U.S. 447, 448, 43 S.Ct. 597, 67 L.Ed. 1078.
3. Section 9(a) provides that any person not an enemy or ally of an enemy claim-

sence of this required condition to suit precludes its maintenance. See Central Union Trust Co. v. Garvan, 254 U.S. 554, 567–568, 41 S.Ct. 214, 65 L.Ed. 403; Commercial Trust Co. v. Miller, 262 U.S. 51, 56–57, 43 S.Ct. 486, 67 L.Ed. 858; cf., Militano v. United States, 2 Cir., 156 F.2d 599, 601.

■ Plaintiff further argues that essentially this suit is one against the United States, with the Attorney General being named as a mere device of convenience. Therefore, it urges that it is entitled to maintain this action under § 1346(a)(2) and (b) of Title 28, United States Code. Under § 1346(a)(2) the right to redress is claimed by virtue of § 37 of the Trade Mark Act of 1946 (Lanham Act), 15 U.S.C. 1119, 15 U.S.C.A. § 1119, to cancel the Attorney General's trade-mark registration; by virtue of § 38, 15 U.S.C. § 1120, 15 U.S.C.A. § 1120, for wrongful procurement of his renewal registration; and by virtue of § 44(h) and (i), 15 U.S.C. § 1126(h) and (i), 15 U.S.C.A. § 1126(h, i), for unfair competition.[4] Under § 1346(b) a right to re-

dress is claimed against the Attorney General for common law unfair competition. But § 1346 in terms provides only for claims against the United States for money damages, and no such claim is asserted against the United States or the Attorney General.[5]

■ If, as urged by the plaintiff, the Trade Mark Act of 1946 authorizes the Attorney General to be sued, cf., Polaroid Corporation v. Markham, 79 U.S.App.D.C. 383, 148 F.2d 219, the necessity for making him a party to the suit remains. Since his official residence is in the District of Columbia, he may be sued only in that district. Butterworth v. Hill, 114 U.S. 128, 5 S.Ct. 796, 29 L.Ed. 119; Hammer v. Robertson, 2 Cir., 6 F.2d 460. Consequently he is not properly a party to this suit, and the complaint will be dismissed as to him.

■ The motion to dismiss the complaint entirely is grounded upon the alleged indispensability of the Attorney General as a party defendant. It is argued that if the case is dismissed as to the owner and registrant of the trade-mark, there can be no

---

ing any interest, right or title to any vested property may file a notice with the custodian of his claim; and the President, if application is made by the claimant, may order payment etc. to him of the property. "If the President shall not so order within sixty days after the filing of such application *or if the claimant shall have filed the notice as above required* and shall have made no application to the President, said *claimant may institute a suit * * *"* in the District of Columbia or in the district court of the United States for the district in which the claimant resides. (Emphasis supplied.)

4. Whether these sections of the Lanham Act create a new federal right against unfair competition has not yet been passed upon by the Court of Appeals for this Circuit; Briddell, Inc., v. Alglobe Trading Corp., 2 Cir., 194 F.2d 416, 421; Dad's Root Beer Co. v. Doc's Beverages, Inc., 2 Cir., 193 F.2d 77, 81. See Ross Products v. Newman, D.C., 94 F.Supp. 566; Ronson Art Metal Works v. Gibson Lighter Mfg. Co., D.C., 108 F.Supp. 755; but an affirmative answer to the problem has been given by the Court of Appeals for the Ninth Circuit, Stauffer v. Exley, 184 F.2d 962.

5. I am unable to follow the labyrinthian reasoning which reaches the conclusion

that a right to redress granted under the Lanham Act may be enforced under § 1346(a)(2) of Title 28. It would seem to be the obvious purpose of § 1346 to provide relief against the United States which is not otherwise available under other statutes. The claim made under the Tort Claims Act appears to be equally tenuous. No argument is made or authority cited for the application of the statute to non-negligent torts. See 35 Georgetown L.J. 1, 3. Moreover, in order to avoid the provisions of § 2680(e) of Title 28, which excepts from the provisions of § 1346(b) "Any claim arising out of an act or omission of any employee of the Government in administering the provisions" of the Trading With The Enemy Act, the plaintiff denies alleging any act or omission of the Attorney General; it describes the complaint as showing facts which constitute a tortious use by the United States of government property in a manner constituting unfair competition. But the attempted distinction is one of semantics, for the alleged tortious use by the United States must arise out of acts and omissions constituting the conduct of the Attorney General in the course of his duties of administering the Act. See also § 2680(a); Coates v. United States, 8 Cir., 181 F.2d 816, 19 A.L.R.2d 840.

resolution of the questions raising the issue of the validity of the mark in a suit against a licensee. Upon analogy to patent cases, under the doctrine of Waterman v. Mackenzie, 138 U.S. 252, 11 S.Ct. 334, 34 L.Ed. 923, it would appear that a licensee of a trade-mark would have no standing to sue or be sued in his own name in an action for infringement. The general proposition of law may be conceded. However, it is asserted by the plaintiff that the facts in this case fall under the doctrine of A. L. Smith Iron Co. v. Dickson, 2 Cir., 141 F.2d 3; see also, Helene Curtis Industries v. Sales Affiliates, D.C., 105 F.Supp. 886, 896–897. Such facts are not yet, at this stage of the proceedings, apparent from the record; but they are suggested, and it cannot now be said that plaintiff will not be able to prove a state of facts in support of its claim under which it would be entitled to relief, in the absence of the Attorney General. Consequently, the motion to dismiss as to the collector and Carl Zeiss, Inc. will be denied, but without prejudice to a proper renewal at the appropriate time.