### GRANDILLO v. PERKINS, Secretary of Labor, et al.

#### No. 19985.

District Court, N. D. Ohio, E. D.
July 25, 1940.

A. R. Fiorette, of Cleveland, Ohio, for plaintiff.

E. B. Freed, U. S. Dist. Atty., of Cleveland, Ohio, for defendants.

JONES, District Judge.

The questions raised by the motions to dismiss have been given careful consideration. It well may be that this court would have jurisdiction if the Secretary of Labor were properly suable in this District. The case of Perkins v. Elg, 69 App.D.C. 175, 99 F.2d 408, affirmed by the Supreme Court on certiorari, 307 U.S. 325, 59 S.Ct. 884, 83 L.Ed. 1320, would seem to be authoritative, although in that case the citizenship of the

father was voluntarily renounced whereas in the case at bar, according to the complaint, the citizenship of the father was cancelled by a proceeding charging fraud and misrepresentation in securing the certificate of naturalization. Whether this difference would effect jurisdiction, if properly obtained over the parties, is not clear. In the case of Perkins v. Elg, the Court of Appeals of the District of Columbia held that the District Court for the District of Columbia had jurisdiction of the several defendants, the principal one of which was the Secretary of Labor. However, I cannot agree that the defendants in this case are properly suable in this court without consent or without their waiver of the statutory privilege of venue. Certainly, I do not believe that the Secretary of Labor can be required to respond to a suit in this jurisdiction unless by consent or waiver. It is my opinion that the stipulations executed by the District Attorney did not waive the right of the Secretary of Labor to be sued in the district of her residence. The motions to dismiss will be granted on the ground that the court is without jurisdiction over the parties defendant.